STATE v. L. R. SPELLER.

*Indictment—Carrying Concealed Weapons.*

1. Carrying a pistol concealed in violation of the act of 1879, ch. 127, even for self-protection, is not excused by a communication of threats of violence made against the defendant.

2. By article one, section twenty-four, of the constitution, the "right to keep and bear arms" shall not be infringed, but the "practice of carrying concealed weapons" may be prohibited; and even without this constitutional provision, the court say that the legislature may by law *regulate* the right to bear arms in a manner conducive to the public peace.

INDICTMENT for misdemeanor tried at Fall Term, 1881, of WASHINGTON Superior Court, before *Bennett, J.*

The defendant was charged with carrying a concealed weapon contrary to the statute—Acts 1879, ch. 127.

At the trial, one Cahoon was introduced as a witness by the state, and testified that he saw the defendant have a pistol at a certain place, away from his own premises. The pistol was concealed in the pocket of his pants. This was on Monday after the defendant and one Jenkins had a difficulty on Saturday, when Jenkins had attempted to cut him with a razor. The defendant's counsel proposed to ask this witness what the defendant said as to the possession of the pistol, but on objection on the part of the state, was not permitted to do so.

It was further given in evidence by the state that after their difficulty on Saturday, Jenkins and defendant, each applied for and procured a state warrant against the other. When the officer having the warrant against the defendant arrested him on Monday, he asked him if he had a weapon, and was told that he did not, but on searching him found a pistol concealed in the hip pocket of his pants.

On the part of the defence it was shown that after the difficulty on Saturday, Jenkins had threatened the defendant with violence, and that his threats had been communicated to the defendant.

The defendant himself was examined as a witness, and his counsel proposed to ask him whether Jenkins had assaulted him with a razor on the Saturday before his arrest on Monday, but upon objection on the part of the state, it was not allowed. The defendant then testified that he was not the owner of the pistol, and that he had procured it after the assault upon him, nd after he had been informed of the threats made by Jenkins to take his life. He got it to defend himself, and out of fear of Jenkins, from whom he lived only about one-half mile. He lived four miles from the nearest justice, and a mile and a half from the nearest peace officer.

The defendant's counsel asked the court to charge the jury if the defendant had reason to believe, and did believe, that his life was in danger, and took the pistol with him solely for his own protection, while he sought a justice to complain to, he would not be guilty.

His Honor declined so to charge, and instructed the jury that if they were satisfied that the defendant when not upon his own premises had carried the pistol concealed about his person, he was guilty under the statute, even though Jenkins had assaulted him, and made threats against him, and he had procured the pistol and carried it in consequence of those threats. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. W. A. Moore,* for defendant.

RUFFIN, J. This court is of the opinion that neither one of the defendant's exceptions should be sustained. The

first, if for no other reason, because the case fails to set out the purpose of the declaration of the defendant, which he sought to make proof of, and which was excluded by the court; and we therefore cannot see its pertinency, or know that any harm came to the defendant on account of its exclusion.

It would be a vain thing to disturb a verdict and judgment because of the exclusion of testimony which ought not, and from its very nature could not, have any bearing upon the case, and to avoid doing a vain thing, the courts invariably require it of him who complains of the improper exclusion of testimony, that he should plainly set forth in his exception its purport, or substance, in order that it may be seen to be relevant, and such as might aid the jury in making up their verdict.

We might not feel disposed to enforce this rule in all its rigor against a defendant in a criminal action, so long as we could see that there was a chance even of his being injured by it. But in a case like the present, where the defendant himself became a witness and testified, directly, to what he sought to establish, indirectly, by his declarations made at the time, we can have no hesitation in doing so. The only possible advantage he could have derived from the rejected testimony, was its tendency to confirm his sworn statement, that he carried the pistol because of his apprehended danger, and taking that statement to be true, while it possibly might have influenced the court in affixing the punishment, it should not have had, as we shall presently see, any weight with the jury in determining the issue as to the guilt or innocency of the defendant.

The exception taken to the charge of the court, as we are told at the bar, is based upon the supposed unconstitutionality of the statute under which the defendant is prosecuted, and the lack of lawful power in the legislature to deprive a citizen at any time of his right to bear arms, and especially

when needed to repel a threatened assault from which great bodily harm might reasonably be apprehended.

We concede the full force of the ingenious argument made by counsel upon this point, but cannot admit its application to the statute in question. The distinction between *the* " *right to keep and bear arms*," and " *the practice of carrying concealed weapons* " is plainly observed in the constitution of this state. The first, it is declared, shall not be infringed, while the latter may be prohibited. Art. I., § 24.

As the surest inhibition that could be put upon this *practice* deemed so hurtful as to be the subject of express mention in the organic law of the state, the legislature has seen fit to enact that at no time, and under no circumstances, except when upon his own premises, shall any person carry a deadly weapon *concealed* about his person, and it is the strict duty of the courts, whenever an occasion offers, to uphold a law thus sanctioned and approved. But without any constitutional provision whatever on the subject, can it be doubted that the legislature might by law *regulate* this right to bear arms—as they do all other rights whether inherent or otherwise—and require it to be exercised in a manner conducive to the peace and safety of the public? This is as far as this statute assumes to go. It does not say that a citizen when beset with danger shall not provide for his security by wearing such arms as may be essential to that end ; but simply that if he does do so, he must wear them openly, and so as to be seen by those with whom he may come in contact. The right to wear *secret weapons* is no more essential to the *protection* of one man than another, and surely it cannot be supposed that the law intends that an unwary advantage should be taken even of an enemy. Hence it takes no note whether the secret carrying be done in a spirit of foolish recklessness, or from a sense of apprehended danger, but in either case declares it to be unlawful. Indeed, were there any difference made, we might expect

it to be against one who felt himself to be under some pres-
sure of necessity, since in his case the mischievous conse-
quences intended to be avoided, might the more reasonably
be anticipated. And it would be a strange passage in the
history of legislation to enact that it shall be unlawful for
any person to carry concealed weapons about his person,
*except* when it may be supposed he shall have occasion to
use them. This disposes of the defendant's last exception.

If the fact that he had been previously assaulted could
furnish no justification, or in any way affect the issue to be
tried by the jury, it was certainly proper to exclude the evi-
dence with regard to it.

No error.                           Affirmed.