## STATE v. C. F. GILBERT.

### *Concealed  Weapon.*

The *prima facie* evidence of concealment raised under the statute by the fact of possession of a pistol, may be rebutted—as in this case by an express finding of the jury, that the same was done without any criminal intent.

INDICTMENT for carrying a pistol concealed, in violation of the act of 1879, ch. 127, tried at Fall Term, 1882, of BUNCOMBE Superior Court, before *Shepherd, J.*

The jury returned a special verdict, in which, after finding that the defendant was off his own premises, and that he did not belong to any of the excepted classes of officers, they say :

That within two years next before the finding of the indictment against him, the defendant, while in the streets of Asheville, had upon his person a pistol which was in his over-coat pocket, and concealed from view; that he had no criminal intent in carrying the pistol concealed in his pocket, but bought the same as a sample, he being a merchant living near Asheville, and was carrying it from the store where purchased, to another, some three hundred yards distant, for the purpose of having it packed with other

goods bought at that place, and thereupon they submitted the question of the guilt or innocence of the defendant to the court.

His Honor being of opinion against the defendant, gave judgment accordingly, and thereupon he appealed.

*Attorney General,* for the State.
*Mr. J. H. Merrimon,* for defendant.

RUFFIN, J. This court can but think, that it was paying too great a regard to the letter of the law, and too little to its spirit, to hold the defendant to be guilty after such a verdict as was rendered in this case.

The offence with which he is charged, forms no exception to the general rule that to constitute a crime there must be a criminal intent, and we can perceive no good reason why it should do so.

The statute declares that the having of a deadly weapon upon one's person shall be *prima facie* evidence of its concealment, and this of itself seems necessarily to imply that it *may* be done under such circumstances as will not amount to an offence. If not so, and the presumption arising from the possession of a weapon be irrebuttable, why declare it to be *prima facie* only?

*To conceal a weapon,* means something more than the mere act of having it where it may not be seen. It implies an assent of the mind, and a *purpose* to so carry it, that it may not be seen.

It is true, it will always be presumed to be a man's intention to do what in fact he does, and that he must contemplate the natural consequences of his conduct. But when the jury expressly find the contrary, and that, notwithstanding the act done, there was no criminal intention connected with it, that must put an end to the prosecution.

In this instance, their only other meaning could have

been that the act proceeded from accident or inattention, or some such like cause. And to hold that a merchant, who, having just purchased a pistol with a view to his trade, and in carrying it from one store in a town to another for the purpose of having it packed with other goods, thoughtlessly puts it in his pocket, not caring and not thinking whether it could be seen or not, is guilty of a criminal violation of the laws of his country, is more, we think, than was ever contemplated by those who framed the law upon the subject, and very certainly seems far removed from the mischief that it was intended to remedy.

The law is a wholesome one, and its constant enforcement according to its true spirit and intention, meets the desires and expectations of every well disposed and peaceable citizen ; but some care should be used, lest by pushing its requirements too far, it may result in a reaction of sentiment against it.

Our opinion is, that the defendant was entitled upon the terms of the special verdict to be discharged, and it is so ordered, and to that end this will be certified.

Error.                                              Reversed.