## STATE v. EPHRAIM WOODFIN.

### *Concealed Weapon.*

If one carry a pistol off his own premises, concealed about his person, for the purpose of hunting, he is guilty of a violation of the statute.

INDICTMENT for carrying a pistol concealed, in violation of the act of 1879, ch. 127, tried at Spring Term, 1881, of BUNCOMBE Superior Court, before *Bennett, J.*

On the trial the defendant's counsel requested the court to charge the jury that if they believed the defendant carried the pistol only for the purpose of hunting with it, and that he carried it openly and not concealed on his person for the purpose of hunting merely, he could not be convicted.

His Honor declined to give this special instruction and charged the jury, that it matters not for what the defendant carried the pistol, whether to hunt or for other purposes, yet if he carried it off his own premises concealed about his person, he is guilty. If it was not concealed, of course he is not guilty.

Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. Johnstone Jones,* for defendant.

ASHE, J. The facts of the case are not set forth in the statement made up by His Honor, and we are left to infer what they were from the special instructions asked by the defendant, and the charge to the jury.

From these we infer the defendant went hunting with a pistol in his pocket, or concealed about his person. If so he was clearly guilty of a violation of the statute.

There is no error in the refusal of the court to give the instructions asked ; and while we think he laid down the law somewhat too broadly in his charge to the jury, yet so far as it applied to the supposed facts of the case, it was not erroneous.

No error.                                            Affirmed.