STATE v. FILLMORE ERWIN.

*Concealed Weapon—Butcher's Knife.*

1. The act of assembly making it indictable for one to carry concealed about his person any "pistol, bowie knife, razor or other deadly weapon of like kind," embraces a butcher's knife.

2. The words "other deadly weapons of like kind" imply similarity in the deadly character of weapons, such as can be conveniently concealed about one's person to be used as a weapon of offence and defence.

(*State* v. *Gilbert*, 87 N. C., 527; *State* v. *Woodfin*, Ib. 526; *State* v. *McManus*, 89 N. C., 555; *State* v. *Allison*, 90 N. C., 733, and cases there cited.)

INDICTMENT for carrying concealed weapon, tried at Fall Term, 1884, of BUNCOMBE Superior Court, before *Shipp, J.*

35

This prosecution was commenced in the inferior court, and from the judgment pronounced upon a verdict of guilty, the defendant appealed to the superior court where the judgment below was affirmed, and the defendant then appealed to this court.

*Attorney-General*, for the State.
*Messrs. Jones & Hardwicke*, for defendant.

MERRIMON, J.   The defendant was indicted for a violation of the statute, THE CODE, § 1005.   It is charged in the indictment, that he " did unlawfully and wilfully carry concealed from sight about his person a deadly weapon, to-wit, a certain *butcher's knife*, contrary," &c.

It was in evidence on the trial that the defendant "carried concealed about his person a butcher's knife eleven inches long, with a sharp pointed and sharp edged blade six inches long and one-fourth, (this, as was said in the argument, ought to be one and one-fourth) inch wide."

The court instructed the jury, " that a butcher's knife of the kind described by the witness was a deadly weapon within the meaning," of the statute cited above, " and that if they were satisfied beyond a reasonable doubt that defendant while off his own premises, and not being an officer, &c., carried concealed about his person with a criminal intent such a knife as the one described by the witness, he would be guilty."   To this instruction the defendant excepted.

The words of the statute to be considered here are, " shall carry concealed about his person any pistol, bowie knife, dirk, dagger, slung-shot, loaded cane, brass, iron or metallic knuckles, or razor, or *other deadly weapon of like kind*," &c.

On the argument the counsel for the defendant, while admitting that a " butcher's knife " is a deadly instrument, insisted that it is not mentioned in the statute, nor is it of

" the like kind " with those mentioned, and, therefore the statute does not embrace such deadly weapon, and it is not indictable to carry it as the owner may see fit to do.

This is not, in our judgment, a proper interpretation of the meaning of the statute. It is plainly its general purpose to prohibit and prevent the carrying of deadly weapons concealed about the person for purposes offensive and defensive, and thus protect individuals against sudden, unexpected, dangerous and perhaps deadly violence inflicted with weapons, that the assailing party has concealed in some way, on, about, or conveniently near to his person, and which he may use under sudden impulse, or deliberately and unfairly against one taken unawares; and further to conserve the public peace and safety.

Its particular provisions all tend to support the same purpose. It enumerates and designates by name several kinds of deadly weapons, most of which are used only for purposes of assault or defence; but with a view to make it comprehensive, and take in all deadly weapons that may be safely concealed and used for such purpose, it adds the words, " or other deadly weapons of like kind." This clause is very broad; it implies any deadly weapon of like kind. Of like kind in what respect? The counsel for the defendant says, of like kind, in that, the weapon is used only for purposes offensive and defensive. That interpretation is too narrow; it would defeat in large measure the general purposes of the statute, and would not remedy the evil intended to be suppressed. A man could use a great variety of instruments employed ordinarily for useful, practical purpose, as deadly weapons of a very fatal type; as for example, a butcher's knife, a shoe knife, a carving knife, a hammer, a hatchet, and the like; and these could be carried concealed about or near the person as readily and as easily as the things mentioned by name in the statute.

It seems to us that a more reasonable interpretation of the words "or other deadly weapon of like kind," and one that subserves the ends sought to be attained, is that they imply, like kind in their deadly character, and in that, they are such as can be easily concealed on, about, or conveniently near to the person, and used promptly, like the weapons designated by name may be. The word *kind* does not mean necessarily of the same, and only of the same and like purpose ; it may just as properly and readily be taken as meaning kind in deadliness, kind in the facility with which it may be concealed and used ; and as this meaning serves the plain purpose of the statute, and any other does not, it must be accepted and adopted as the true one.

It is said, however, that this interpretation is too sweeping in its scope ; it would embrace small and large pocket knives, and like useful practical things that men constantly carry in their pockets and about their persons, and are more or less deadly instruments in their character. The answer to this is, that these things are not ordinarily carried and used as deadly weapons, but for practical purposes, and the ordinary pocket knife cannot be reckoned as *per se* a deadly weapon ; but it would be indictable to so carry them for such unlawful purpose if deadly in their type and nature. If one should carry a pocket knife, deadly in its character, as a weapon of assault and defense, he would be indictable, just as he would be if he carried a dirk or dagger.

The unlawful and wilful purpose is an essential quality of the offense denounced. And hence this court has held, that it was not indictable for a merchant to carry a pistol in his pocket, not caring whether it was seen or not, from one store to another to be packed with other goods. The purpose as appeared by the circumstances was so manifestly innocent, as to rebut the statutory presumption of guilt. *State v. Gilbert*, 87 N. C., 527. In that case the court said : "*To conceal a weapon* means something more than the mere act

of having it where it may not be seen. It implies an assent of the mind, and a *purpose* to so carry it that it may not be seen." And it may be added, that the unlawful and wilful intent and purpose with which the instrument is so carried is likewise an element of the offence. *State* v. *McManus*, 89 N. C., 555; *State* v. *Brodnax, ante,* 543.

If any one, with the exceptions specified in the statute, is found off his own lands with such deadly weapon about his person, that is, one of the deadly weapons designated or a like one, as pointed out above, such possession would be *prima facie* evidence of the concealment thereof, and there would arise a presumption of fact, that he has such deadly weapon and so carries it wilfully and for an unlawful purpose, but this presumption may be rebutted by the party accused. Such presumption may be slight in some cases; it would be very strong, almost conclusive in others; depending always on the character of the weapon and the circumstances under which it shall be carried. One person might carry a pistol concealed from view in his pocket, as was done in the case of *State* v. *Gilbert, supra,* and the circumstances would rebut the presumption of guilt; another might carry a dirk or dagger concealed about his person off his own land to a church or political assembly, in which case the presumption of a purpose to violate the statute would be very great, almost conclusive. The case of the *State* v. *Woodfin,* 87 N. C., 526, seems to have been one of the latter kind. The facts in evidence on the trial in that case were not sent up as they ought to have been. The court could only see from the record, that the defendant went hunting *with a pistol* in his pocket, or concealed on his person, and it said, these being the facts appearing from inference, " he was clearly guilty of a violation of the statute."

A person who carries a deadly weapon off his own land, concealed about his person, is not necessarily and at all events guilty of a violation of the statute; he must do so

wilfully and of purpose; the presumption is against him, but he may rebut this by proper evidence.

The statute under consideration does not provide in terms that the acts forbidden by it must be done *unlawfully and wilfully,* but this is implied in this, as in like statutes. *State* v. *Simpson,* 73 N. C., 269 ; *State* v. *Parker,* 81 N. C., 548; *State* v. *Allison,* 90 N. C., 733.

There is no error, and the judgment must be affirmed. Let this opinion be certified to the superior court, to the end that that court may proceed according to law. It is so ordered.

No error. Affirmed.