The defendant was charged with carrying a pistol, concealed about his person, off his own premises, in violation of the act of 1879, ch. 127. THE CODE, § 1005.
He was found off his own premises on the platform at the depot, at Reidsville, with a pistol in his pocket.
At the time of finding the pistol in defendant's pocket by a policeman, he stated that the pistol belonged to one George McCain, with whom he boarded, and that McCain had sent him to bring the pistol from the residence of one Charles Gunn, and that while on his way with the pistol he had purchased for one Hardin Scales, who was going off on the train, a pint of whisky, and that he was on the platform to deliver the whisky when arrested.
The defendant testified to these facts, and was corroborated by both McCain and Gunn, as to the facts that he had been sent for the pistol, and that it had been delivered to him for the purpose of being carried to McCain, who was the owner. *Page 544 
The defendant was also corroborated by Hardin Scales as to the fact that he had requested him to bring him a pint of whiskey on the evening of his arrest, as testified to by defendant.
The defendant was found guilty, and there was judgment against him, from which he appealed.
The case of State v. Gilbert, 87 N.C. 527, is decisive of this case. There, a merchant while in the streets of Asheville, had in his overcoat pocket, concealed from view, a pistol which he had bought as a sample, and was carrying it to another store in the town to have it packed with other goods which he had bought to be carried to his store in the country. It was held by this court that he was not guilty of a violation of the statute. Mr. Justice RUFFIN, who delivered the opinion of the court, said: "To hold that a merchant, who, having just purchased a pistol with a view to his trade, and carrying it from one store in a town to another for the purpose of having it packed with other goods, thoughtlessly put it in his pocket, not caring, and not thinking whether it could be seen or not, is guilty of a criminal violation of the laws of his country, is more, we think, than was ever contemplated by those who framed the law upon the subject, and very certainly seems far removed from the mischief that it was intended to remedy."
To be sure in that case there was a special verdict and the jury found there was no criminal intent. But the facts developed in this case show as conclusively that there was no criminal intent, as if that fact had been found by a jury. The facts of this case are so similar in character, to those in the case cited, that if the defendant was not guilty in that case, he cannot be in this. *Page 545 
The mischief intended to be remedied by the statute was the practice ofwearing offensive weapons concealed about the person, or carrying them so concealed with a purpose to be used offensively or defensively upon an emergency. We cannot believe that it was the intention of the law-makers to hold one answerable to the criminal law who carries a pistol, for instance, in his pocket to a gunsmith to be repaired, or that a gentleman residing in a city who buys a pistol to be taken to his residence, is required to carry it through the streets openly in his hand. It would certainly be an unseemly plight for some members of the community, who might yet think that a pistol was a necessary household article for protection against thieves and burglars. There is error. Let this be certified. c.
Error. Reversed.