STATE v. WILLIAM HARRISON.

*Concealed Weapons—Criminal Intent.*

1. While it is true as a general rule, that men are presumed to intend the natural consequences of their acts, yet evidence may be offered in certain cases, to show that no criminal intention existed.

2. If a man carry a deadly weapon concealed about his person, off of his own premises, for the purpose of trading it off, and the jury believe that such is his purpose, he is entitled to an acquittal.

(*State* v *Gilbert*, 87 N. C , 527, cited and approved).

This was an indictment against the defendant for carrying a pistol concealed about his person while off his own premises, tried before *Avery, Judge*, and a jury, at the Spring Term, 1885, of MITCHELL Superior Court.

On the trial, one Harmon, a witness introduced by the State, testified that the defendant came to his house, about six miles from where he resided, and had a pistol concealed in his pocket, which he pulled out and offered to trade to the witness for an axe, and that when the witness declined to trade, he put the pistol in his pocket and went away. On cross-examination, he stated that he had not previously proposed to the defendant to trade for his pistol.

The defendant testified in his own behalf, and stated that he did carry the pistol concealed on his person, at the time mentioned by the State's witness, to the house of the witness, which was several miles distant from his own premises, but that the said witness had previously proposed to trade him an axe for the pistol, and that he carried it for the purpose of trading it for the axe, and for no other purpose, and when the witness declined to trade, he carried it back in the same way. That he had not carried a pistol concealed about his person at any other time within two years before the finding of the bill of indictment.

The defendant's counsel asked the Court to instruct the jury, that if the defendant carried the pistol solely for the purpose of

trading it for an axe, and the jury should so find from the testimony, the defendant was not guilty.

The Court refused to give the instructions asked, and charged the jury that, "when the testimony fully satisfies the jury that a defendant has carried a pistol off his own premises within two years before the finding of the bill of indictment, then the law raises a presumption that he is guilty, and nothing more appearing the jury must so find. In this case both the witness for the State, and the defendant himself, testify that he carried a pistol actually concealed about his person, off his own premises, at a time within two years before the finding of the bill of indictment. While the defendant may rebut the presumption of guilt, by showing to the satisfaction of the jury that he did not carry the weapon with a criminal intent, it is the province of the Court to say, whether that is any evidence to be submitted to the jury, as tending to show that there was no criminal intent, and the Court instructs you, that the testimony relied upon by the defendant, is not sufficient, if believed, to rebut the presumption of guilt." The defendant excepted.

The jury returned a verdict of guilty. The Court pronounced judgment, and the defendant appealed.

*Attorney General,* for the State.
*Mr. J. T. Morphew,* for the defendant.

ASHE, J., (after stating the facts). His Honor instructed the jury, that the defendant might rebut the presumption of guilt, by showing to the satisfaction of the jury, that he did not carry the weapon with a criminal intent, but he proceeded to instruct them, that there was no evidence offered before them, sufficient, if believed, to rebut the evidence of guilt. In this we think there was error. The testimony of the defendant, who testified that he carried the pistol in his pocket, from his house to that of the State's witness, a distance of six miles, to be exchanged for an axe, and that he carried it for no other purpose, was certainly *some* evidence tending to rebut the presump-

tion of a criminal intent, and should have been submitted to the jury.

The case seems to be on *all fours* with that of the *State* v. *Gilbert*, 87 N. C., 527. There the jury found the facts, that the pistol was carried in the pocket of the defendant, from one store to another, in the town of Asheville, a distance of about three hundred yards, to have it packed with other goods; that he had no criminal intent in conveying the pistol, and submitted the question of law to the Court as to the guilt of the defendant upon that state of facts. The Court below held. that he was guilty, and rendered judgment against him.

But on appeal to this Court, the judgment of the Superior Court was reversed, and RUFFIN, J., who spoke for the Court in that case, said: " It is true, it will always be presumed that a man intends to do what he does, and that he must contemplate the natural consequences of his conduct. ` But when the jury expressly find the contrary, and that, notwithstanding the act done, there was no criminal intent connected with it, that must put an end to the prosecution."

In that case the jury found as a fact, that the defendant had no criminal intent in carrying the pistol, and that finding was based upon the evidence offered before them, tending to rebut *prima facie* evidence of guilt, and this Court sustained their finding. The evidence in both cases, is in effect, the same. If it was proper for the jury to consider and act upon it in the one case, it would seem that it ought to be sufficient to be submitted to their consideration in the other.

We are of opinion that the Court below erred in the instructions given to the jury, and in refusing that asked by the defendant. Let this be certified that a *venire de novo* may be awarded.

Error.                                    Reversed.