STATE v. R. L. DIXON.

*Carrying Concealed Weapons—Intent.*

1. The offence of carrying a concealed weapon consists in the guilty intent to carry the weapon concealed, and does not depend upon the intent to use it; therefore,

2. Where, in the trial of one charged with carrying concealed weapons, he testified that he carried it for the purpose of selling it, the trial Judge properly instructed the jury, in effect, that there was no evidence to go to the jury to rebut the presumption of guilt which the statute raised from the possession, about his person and off his own premises, of a concealed deadly weapon.

(*State* v. *Harrison,* 93 N. C., 605, overruled).

This was an INDICTMENT for carrying a concealed weapon (a pistol), tried before *Winston, J.*, at November Term, 1893, of ROCKINGHAM Superior Court.

Witnesses for the State testified that they saw the defendant off his own premises with a pistol concealed about his person; that this was at a mill-pond.

The defendant testified in his own behalf that one Cornelius Williams gave him the pistol to sell, promising him that he might have all he sold it for above a certain amount, and in this he was corroborated by Williams. He further testified that he carried the pistol to the pond that day, it being a holiday, and hearing there was to be a picnic, for the purpose of trying to sell it to some one of the crowd; that this was his sole purpose in carrying it, and that it was for no purpose offensive or defensive. He further testified that there was no special person to whom he had any engagement to sell the pistol at the pond; that he and others shot at a mark that day; that on one occasion before this he had tried to sell it to a "hand" in a field; that he had never sold the pistol, but since the time at the mill-pond had had it at home; that on his way home from the mill-pond on the day above-mentioned he went by a neighbor's house, having the pistol with him, after carrying it to the pond to sell, and being on his way home, as above stated.

His Honor charged the jury that a man might rebut the presumption of guilt arising in cases of this kind, after admitting that he had a pistol concealed, by showing that he was carrying the pistol for a lawful present purpose, but that if one could borrow or procure a pistol to sell and carry it about with him from place to place during a period of several months, trying to sell it, and selecting public days for the purpose as well, and shooting same five times on a picnic occasion, the statute would be a dead letter;

STATE *v.* DIXON.

that upon the whole evidence, if believed, the defendant was guilty.

There was a verdict of guilty, and the defendant, having excepted, appealed from the judgment pronounced.

*The Attorney General,* for the State.

*Mr. A. J. Burton,* for defendant.

CLARK, J.: The defendant carried the pistol concealed about his person off his own premises. The criminal intent in such cases is the intent to carry the weapon concealed. The matter set up in defence is not sufficient, and upon the defendant's own testimony he was guilty. As there seems a misconception to some extent of the authorities it may be well to review them:

In *State* v. *Speller*, 86 N. C., 697, the act forbidding the carrying of concealed weapons was held constitutional; and it was further held that the party would be guilty of violating the act though he carried the weapon for self-protection in consequence of threats of violence.

In *State* v. *Woodfin*, 87 N. C., 526, it was held no defence to show that the concealed weapon was carried for the purpose of hunting.

In *State* v. *Gilbert*, 87 N. C., 527, it was held that the presumption of guilty intent from the fact of the weapon being concealed was rebutted by the express finding of the jury, in the special verdict, that there was no guilty intent. There, a merchant had bought a pistol in his trade and was carrying it from one store to another. "Thoughtlessly," as the Court says, he put it in his pocket without intending to conceal it. The guilty intent, it is there said, is "the purpose to carry it so it may not be seen," and that purpose the jury found did not exist in that case. This decision has been much misunderstood.

In *State* v. *Broadnax*, 91 N. C., 543, it was held that one was not guilty who was merely carrying to the owner a pistol for which he had been sent, since the offence was the wearing or carrying of a concealed weapon which the bearer might use on an emergency. This purports to be based upon Gilbert's case, *supra*, but in fact was an extension of the principle of that case carried to its extreme limit. It can only be sustained on the ground that the party was not intending to carry a weapon at all, but was simply conveying a piece of merchandise, as an express messenger might carry a pistol or rifle in a box or case in the line of business.

In *State* v. *Harrison*, 93 N. C., 605, it was held that if the defendant carried the weapon concealed on his person, but testified that he did so for the purpose of trading it off, this was evidence to rebut the intent, and should have been submitted to the jury. After the fullest consideration, and with deference to the eminent Judge who delivered the opinion, we cannot think so, nor do we concur in the reason given that it was "on all-fours" with Gilbert's case. In Gilbert's case the jury found that there was no criminal intent; *i. e.*, no intent to carry the weapon concealed, it being a sample pistol thoughtlessly put in the pocket of the overcoat by the merchant purchaser and carried from one store to another to be packed up with other purchases. In Harrison's case the defendant purposely and intentionally carried the weapon concealed. There was full opportunity to use it if occasion offered, and the defendant's act came within the spirit and letter of the statute. There was no reason why the pistol could not have been carried openly, as the defendant could have legally carried it. This would have given better opportunities of negotiating a sale than the concealed carriage of it.

Having said this much, it is unnecessary to say more

STATE v. DIXON.

than that his Honor correctly charged the jury in the present case "that if one could borrow or procure a pistol to sell or convey it about with him from place to place, during a period of several months, trying to sell it and selecting public days for the purpose as well, and shooting some five times on a picnic occasion, the statute would be a dead letter; that upon the whole evidence, if believed, the defendant was guilty." This was in effect a charge that there was no evidence sufficient to go to the jury to rebut the presumption of guilt which the statute raises from the possession about his person of a deadly weapon off one's own premises. *State* v. *McManus*, 89 N. C., 555. The carrying a concealed weapon cannot be excused because carried in self-defence or for hunting. Of course, therefore, it cannot be excused if carried for the purpose of peddling it off, with all the incidental opportunities of use. To so hold would be a virtual and effective repeal of the statute. The presumption may be rebutted by an express finding that there was no guilty intent, as where the pistol was carried from one store to another to be packed up, without any thought or intent to conceal it, or where, under some circumstances, it is carried by a messenger to be delivered to the owner or purchaser. But matters of excuse can be extended no further with safety and a due regard to the integrity of the statute. As was said in McManus' case, *supra*, the statute "must receive such reasonable construction as will effectuate its purpose."

*State* v. *Harrison, supra*, is overruled. In trials for this offence it should be borne in mind that the guilty intent is the intent to carry the weapon concealed, and does not depend upon the intent to use it. The object of this statute is not to forbid the carrying of a deadly weapon for use, but to prevent the opportunity and temptation to use it arising from its concealment. If the weapon is carried for

lawful use, or even for unlawful use, the defendant would not be guilty under this section if the weapon is carried openly, since this statute applies not to the act of carrying the weapon or the purpose in carrying it, but to the manner of carrying it.                                     No Error.