## STATE v. JOEL LILLY.

*Indictment for Carrying Concealed Weapons—Presumption—Evidence.*

1. The gist of the offence of carrying a concealed weapon is the manner of carrying it—the offence being not the carrying of a weapon but the carrying a *concealed* weapon.

2. The statute (Sec. 1005 of *The Code*) raises a presumption that the weapon is concealed upon proof that the defendant has it about his person off his own premises.

3. Where, in the trial of an indictment for carrying a concealed weapon, it appeared in evidence that the defendant, while off his own premises, had a pistol on his person under his overcoat, but it was not shown whether the overcoat was worn open or buttoned, and there was also evidence that the pistol could be seen, *Held*, that it was error to instruct the jury that if they believed the testimony the defendant was guilty, inasmuch as it was a matter for the jury, and not for the Judge, to determine whether the evidence was sufficient to rebut the presumption of concealment raised by the statute and whether or not the weapon was in fact concealed.

This was an indictment for carrying a pistol concealed about the person of the defendant, tried at Spring Term, 1895, of Stanly Superior Court, before His Honor, *W. S. O'B. Robinson, Judge*, and a jury.

Tine Christian, a witness for the State, testified that she saw the defendant off his own premises with a pistol in a belt around his body; that the defendant had on his overcoat, but that the pistol could be seen, either when the defendant was sitting down or standing up.

The defendant introduced no testimony and the Court charged the jury, that if they believed the evidence the defendant was guilty.

There was a verdict of guilty and the Court gave judgment, imposing a fine, from which judgment the defendant appealed.

STATE *v.* LILLY.

*The Attorney General*, for the State.
*Messrs. Bennett & Bennett*, for defendant (appellant).

CLARK, J. : The statute raises a presumption that the weapon is concealed upon proof that defendant has it about his person off his own premises. *The Code*, Sec. 1005. The defendant to rebut this presumption relies on the evidence "that the pistol could be seen either when the defendant was sitting down or standing up." On the other hand, the State relies on the fact that the defendant had it on under his overcoat. It does not appear how the overcoat was worn, whether open, displaying the weapon, or partly buttoned up. It could not have been buttoned up entirely, since the weapon *"could be seen."* Whether the presumption of concealment was rebutted, whether the weapon was in fact concealed, but a close scrutiny might have enabled one to see it, or whether in fact it was worn openly, the overcoat unintentionally in certain positions obstructing the view, was a question which should have been left to the jury. The indictment is for carrying a concealed weapon, not for simply carrying the weapon. *State* v. *Dixon*, 114 N. C., 850. The gist of the offence is the manner of carrying it. The jury should have been told that the burden was on the defendant to rebut the presumption of concealment, and upon the evidence whether that presumption had been rebutted, should have been left to them under proper instructions. Possibly His Honor's view on the facts was right, if he had been sitting as a juror, but as different conclusions might have been drawn from the evidence, the case should have been left to a jury.

New Trial.