## STATE v. ROBERT MANGUM.

(Filed 26 March, 1924.)

**1. Criminal Law—Concealed Weapons—Evidence—Statutes.**

Upon evidence tending to show that an officer arrested the defendant when the defendant had a pistol with the butt end projecting above his hip pocket, and with his coat off and carried upon his shoulder, with the apparent intent of interfering with the safe-keeping of a prisoner the officer was guarding, it is sufficient for the determination of the jury, upon the issue of defendant's guilt in having carried a concealed weapon in violation of the statute. C. S., 4410.

**2. Same—Punishment—Discretion of Court—Constitutional Law.**

The statute against carrying a concealed weapon is for peace and the preservation of human life and limb, the punishment for its violation being in the discretion of the trial judge imposing the sentence of a fine, not less than $50 nor more than $200, or imprisonment not less than thirty days nor more than two years; and a sentence to imprisonment for four months, under the facts of this case, *is held* not to be "excessive" or cruel or unusual within the inhibition of Article I, section 14, of the Constitution.

APPEAL by defendant from *Calvert, J.,* at September Term, 1923, of WAKE.

Criminal action. The evidence is as follows:

G. H. Fuller testified: "That he is a policeman in the town of Wake Forest, and that on the night of 18 July and the early morning of 19 July, on account of the flimsy condition of the town lock-up, he was guarding the prison against any escape of prisoners locked therein; that

the prison is near the street, on the ground floor, and consists of a large room, with cells in the rear; that the front door was open, and a light in the large room; that about 4 o'clock in the morning the defendant and two others approached the front door and inquired what he had the man locked up for. The witness replied that was very little of their business; that he observed a pistol in the pocket of the defendant, with about an inch or so sticking out, the pistol being in the pocket, handle down. The witness told the darkies to come on the inside, and made them throw up their hands, and searched them, finding and taking the pistol from the defendant. He told the defendant to consider himself under arrest; that he found nothing on the other men, and let them go. The defendant explained that he had been in Granville County to see his father and was on his way back to his work in Forestville; that the pistol belonged to his father, who had asked him to take it along and have it repaired, as it did not seem to work all right and the cylinder to it would not revolve. The witness further stated that, at the time of the search and arrest of the defendant, defendant did not have on a coat, but carried it on his left arm. Witness further stated that he fired the pistol and it seemed to work all right. The pistol was introduced by the State and exhibited to the jury."

The State rested. The defendant moved for nonsuit, which was refused. The defendant offered no evidence.

The court below instructed the jury, in substance, as follows:

"That the burden was upon the State to satisfy them beyond a reasonable doubt of the guilt of the defendant; that he had the pistol concealed on his person while off his own premises; that the statute made the possession of a pistol off his premises *prima facie* evidence of the concealment thereof, which could be rebutted by the defendant; that this *prima facie* evidence did not make the defendant guilty, but that it was for the jury to say, from all the evidence, whether or not at any time during the period testified of, that the defendant carried the pistol concealed, and that if at any time during this period he carried it concealed off his own premises, that he would be guilty; that the burden was upon the State to prove the guilt of the defendant beyond a reasonable doubt; and that if the State had so satisfied the jury they should find him guilty, and if not so satisfied, to find him not guilty."

The defendant excepted to the charge as given. The jury returned a verdict of guilty. The court pronounced judgment that the defendant be imprisoned in the common jail of Wake County for the term of four months, and assigned to work on the public roads of Wake County. The defendant excepted, and appealed to the Supreme Court, and assigned error, as follows:

1. In not allowing the defendant's motion for judgment as of nonsuit.

2. In that he did not charge the jury that the gist of the offense was in the intention to carry the pistol concealed.

3. For that the punishment, four months on the roads for a mere technical violation of the law, if he had been guilty, is cruel and excessive.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*N. Y. Gulley for defendant.*

CLARKSON, J. We think that it was a case that should be submitted to the jury upon the question of the concealment, not the purpose of the concealment, but actual concealment. It was not such a direct contradiction of guilt as appeared in *State v. Roten,* 86 N. C., 701, cited by defendant in his brief. There the defendant carried the pistol about his person openly, to the view of everybody. Manifestly no person could be convicted of carrying a weapon concealed when that weapon was not concealed. *S. v. Dixon,* 114 N. C., 850; *S. v. Lilly,* 116 N. C., 1049; *S. v. Reams,* 121 N. C., 556; *S. v. Brown,* 125 N. C., 704; *S. v. Woodlief,* 172 N. C., 887.

*Walker, J.,* in the *Woodlief case, supra,* p. 887, on the question of concealment, has so recently and well said, that we repeat: "It is no defense to a charge of unlawfully carrying a concealed weapon that it was done for the purpose of self-defense. *S. v. Speller,* 86 N. C., 697; *S. v. Woodfin,* 87 N. C., 526; *S. v. Broadnax,* 91 N. C., 543. The guilt appears legally from the intent to carry the weapon concealed. *S. v. Dixon,* 114 N. C., 850; *S. v. Pigford,* 117 N. C., 748; *S. v. Brown,* 125 N. C., 704. The above cases show that one of the mischiefs intended to be remedied is the practice of carrying concealed weapons, to be used on an emergency. *Justice Ashe* said, in *S. v. Broadnax, supra:* 'The mischief intended to be remedied by the statute was the practice of wearing offensive weapons concealed about the person, or carrying them so concealed with a purpose to be used offensively or defensively upon an emergency.' And *Justice Ruffin* said, in *S. v. Speller,* 86 N. C., 697: 'The right to wear secret weapons is no more essential in the protection of one man than another, and surely it cannot be supposed that the law intends that an unwary advantage should be taken even of an enemy. Hence it takes no note whether the secret carrying be done in a spirit of foolish recklessness or from a sense of apprehended danger, but in either case declares it to be unlawful. Indeed, were there any difference made, we might expect it to be against one who felt himself to be under some pressure of necessity, since in his case the mischievous consequences intended to be avoided might the more reasonably be antici-

pated. And it would be a strange passage in the history of legislation to enact that it shall be unlawful for any person to carry concealed weapons about his person, except when it may be supposed he shall have occasion to use them.' "

The Constitution of North Carolina, Art. I, sec. 14, says: "Excessive bail should not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."

In the *Woodlief case, supra,* p. 888, on the question of "cruel or unusual punishment," *Walker, J.,* said: "We may assume, for the sake of discussion, the jurisdiction of this Court to review a judgment below, upon the ground that the particular punishment imposed by the court is 'cruel and unusual,' where the law gives to the judge a discretion to fix the punishment, as it does in respect to this crime. Revisal, sec. 3708; *S. v. Manuel,* 20 N. C., bottom page 122 (4 Dev. & Bat., 20); *S. v. Driver,* 78 N. C., 423. In the *Driver case* the Court held that 'there is a limit to the power of the judge to punish, even when it is expressly left to his discretion. What the precise limit is cannot be prescribed. It ought to be left to the judge who inflicts it, under the circumstances of each case, and it ought not to be abused.' The Court adds that it ought not to be interfered with, 'except where the abuse is palpable.' "

The Legislature, in its wisdom, has passed the statute against carrying concealed weapons. Its purpose was for peace and the preservation of human life and limb. Carrying weapons concealed has proven a menace, and the Legislature has seen fit to pass the following act (C. S., 4410):

"If any person, except when on his own premises, shall carry concealed about his person any bowie-knife, dirk, dagger, slungshot, loaded cane, brass, iron or metallic knuckles, or razor, or other deadly weapon of like kind, he shall be guilty of a misdemeanor, and shall be fined or imprisoned at the discretion of the court. If any one, except on his own premises, shall carry concealed about his person any pistol or gun, he shall be guilty of a misdemeanor and shall be fined not less than $50 nor more than $200, or imprisoned not less than thirty days nor more than two years, at the discretion of the court. Upon conviction or submission, the deadly weapon, with reference to which the defendant shall have been convicted, shall be condemned and ordered confiscated and destroyed by the judge presiding at the trial. If any one, not being on his own lands, shall have about his person any such deadly weapon, such possession shall be *prima facie* evidence of the concealment thereof. This section shall not apply to the following persons: Officers and soldiers of the United States Army, civil officers of the United States while in the discharge of their official duties, officers and soldiers of the militia

and the State Guard when called into actual service, officers of the State or of any county, city or town charged with the execution of the laws of the State, when acting in the discharge of their official duties."

The statute prescribes the punishment, "or imprisoned not less than thirty days nor more than two years, at the discretion of the court." The court below fixed the imprisonment four months. This the court had a right to do, under the plain language of the act. We can find

No error.