MULARKEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 7—April 1, 1930.*

*Vincent F. McNamara* of Montello, for the plaintiff in error.

For the defendant in error there was a brief by *K. J. Callahan,* district attorney of Marquette county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Callahan* and *Mr. Messerschmidt.*

FRITZ, J. Defendant contends that the court erred in admitting certain testimony; in refusing to dismiss the prosecution and discharge the defendant; in refusing to give

certain requested instructions to the jury; and in giving certain instructions. Upon reviewing the record we find no error in any respect.

Although there was a conflict in the evidence, it fairly and reasonably permitted the jury to consider the following facts established: At the time and place charged, the defendant, during an altercation, turned to his automobile and took a 32-Colt automatic revolver from a holster which was on a small shelf behind and about five inches below the back of the seat. The revolver had not been visible from the front of the automobile, and it had not been observed by the witnesses who were present until defendant took it out of the automobile. There was no proof that the revolver was loaded, or used to strike, or pointed at any one with a threat indicating an intention to shoot. The principal contention of the defendant is that to sustain a conviction under sec. 340.69, Stats., which provides that "any person who shall go armed with any concealed and dangerous weapon shall be punished," it must be established that the concealed weapon, if a gun, was dangerous because it was in fact loaded. He contends that an unloaded revolver, which was not used as a bludgeon, is not a dangerous weapon; and that, in order to establish that it was a dangerous weapon, "it is incumbent upon the State to show that the same was loaded, or that it was pointed at the complaining witness within shooting distance with a threat or other words indicating an intention to fire, and that the complaining witness did not know but what it was loaded, or that the gun was used as an instrument to strike the complaining witness;" that the jury should have been instructed to that effect, as requested by defendant; and that because there was no proof of any such facts as are stated in the requested instructions, the defendant should have been acquitted.

Those contentions and the requested instructions are based on what was said in *Lipscomb v. State,* 130 Wis. 238, 109 N. W. 986, and *Schiner v. State,* 178 Wis. 83, 189 N. W.

261, as to what constitutes a dangerous weapon. as that term is used in sec. 340.39, Stats. That section authorizes a severe maximum penalty of thirty years for an assault and felonious robbery from the person, committed while armed with a dangerous weapon with intent, if resisted, to kill or maim the person robbed.

The requested instructions would have been proper if the prosecution in the case at bar had been under sec. 340.39, Stats. However, there is a well recognized distinction between the meaning of the terms "dangerous weapon" or "deadly weapon," when used in statutes like sec. 340.39, and when used in statutes like sec. 340.69, prohibiting going armed with or the carrying of such weapons when concealed.

"A peculiarity of the law concerning deadly weapons is that while it may be held that an assault committed with an unloaded revolver is not an assault with a deadly weapon, yet under a statute against carrying concealed deadly weapons an unloaded revolver is usually held to be such a weapon." 8 Ruling Case Law, p. 289, § 310.

See, also, *State v. Wardlaw,* 43 Ark. 73; *State v. Duzan,* 6 Blackf. (Ind.) 31; *Ridenour v. State,* 65 Ind. 411; *Caldwell v. State* (Tex. Crim. App.) 106 S. W. 343; *Hathcock v. State,* 99 Ark. 65, 137 S. W. 551; *State v. Bollis,* 73 Miss. 57, 19 South. 99. In the last case the court said:

"To hold that to make it a deadly weapon it must be 'loaded' would be (1) to read the word 'loaded' into the statute, and (2) practically to nullify the beneficent purpose of the law. Under such a construction nothing could be easier than to carry the pistol in one hand and the cartridges in another and, when desired, load quickly, and take life. The statute was enacted in the interest of the preservation of life, by affixing the stigma of the law of the land to him who carries a concealed pistol, loaded or unloaded, except in the cases allowed by the statute."

Consequently, the court did not err in refusing to discharge the defendant because the proof failed to establish that the gun was loaded; and, likewise, rightly refused to

instruct the jury that it was incumbent upon the State to prove that the gun was loaded, or was used to strike, or pointed at some one with a threat or words indicating an intention to shoot.

On the other hand, the driver of an automobile goes armed, within the meaning of sec. 340.69, Stats., when he has a dangerous weapon within reach on a shelf in back of his seat. *Wagner v. State,* 80 Tex. Crim. Rep. 66, 69, 188 S. W. 1001; *Leonard v. State,* 56 Tex. Crim. Rep. 84, 119 S. W. 98; *Hill v. State,* 50 Tex. Crim. Rep. 619, 100 S. W. 384; *Mayfield v. State,* 75 Tex. Crim. Rep. 103, 170 S. W. 308; *De Friend v. State,* 69 Tex. Crim. Rep. 329, 153 S. W. 881; *Garrett v. State* (Tex. Crim. App.) 25 S. W. 285. If the weapon is hidden from ordinary observation it is concealed. Absolute invisibility to other persons is not indispensable to concealment. The test is, was it carried so as not to be discernible by ordinary observation. *Smith v. State,* 96 Ala. 66, 11 South. 71; *Jones v. State,* 51 Ala. 16. Where the evidence is conflicting as to whether or not the weapon was concealed, the issue is for the jury. *Hampton v. State,* 133 Ala. 180, 32 South. 230; *State v. Miles,* 124 Mo. App. 283, 101 S. W. 671; *State v. Mangum,* 187 N. C. 477, 121 S. E. 765; *State v. Lilly,* 116 N. C. 1049, 21 S. E. 563.

For the reasons stated, the judgment is affirmed.

*By the Court.*—Judgment affirmed.