PEOPLE *v.* JOHNNIE W. JONES.

1. CRIMINAL LAW—CONSTRUCTION OF STATUTE.

The words of a penal statute must be read and construed in the light of the evil sought to be corrected and to effect the objects of the law (CL 1948, § 750.2).

2. SAME—CONCEALED WEAPON.

Absolute invisibility is not indispensable to concealment of a weapon within the meaning of a penal statute prohibiting carrying a weapon concealed on or about the person; a

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 16 *et seq.*
[2, 3] 56 Am Jur, Weapons and Firearms § 10.

weapon is concealed when it is not discernible by the ordinary observation of persons coming into contact with the carrier of the weapon and casually observing him (CL 1948, § 750.227).

3. Same—Concealed Weapon—Question of Fact.

The issue of concealment of a weapon on or about the person depends upon the particular circumstances present in each case, and whether the weapon was concealed from ordinary observation is a question for the trier of fact to determine (CL 1948, § 750.227).

Appeal from Genesee, Freeman (Donald R.), J. Submitted Division 2 April 2, 1968, at Lansing. (Docket No. 3,716.)   Decided June 28, 1968.

Johnnie W. Jones was convicted of carrying a pistol concealed on his person without a license. Defendant appeals.   Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, and *Donald A. Kuebler*, Assistant Prosecuting Attorney, for the people.

*T. Boice Purdy*, for defendant.

Lesinski, C. J.   Defendant appeals his conviction and sentence on a charge of carrying a pistol concealed on his person without a license.[1]   The case was heard by the trial court sitting without a jury.

On the night of July 16, 1966, two officers of the Flint police department, assigned to cruiser duty, stopped the defendant for speeding within the city limits.   One of the officers approached the automobile and asked defendant for his driver's license.

[1] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424), reads in pertinent part: "Any person who shall carry a pistol concealed on or about his person * * * without a license to so carry said pistol as provided by law shall be guilty of a felony."

When defendant failed to produce the license, the officer placed him under arrest and asked him to step out of the car. At trial the arresting officer gave the following testimony on the issue of concealment:

"*Q.* As he exited the automobile, what, if anything, occurred?

"*A.* At this time, I thought—I observed something which appeared to be the butt of a gun poking out of his pocket when he exited the automobile and I immediately had him raise his hands.[2] And, at this time, I removed a gun from his pocket."

The gun was identified as a .38 caliber revolver. The defendant did not have a license to carry a concealed pistol. Defense counsel did not cross-examine the arresting officer or offer any evidence.

Defendant's principal contention is that the evidence was insufficient to prove him guilty beyond a reasonable doubt. He argues without citation of any authority that the concealed weapons statute was not violated because the arresting officer saw what appeared to be the butt of a gun protruding from his pocket.

We do not think that the word "concealed" as used in the statute means total concealment. The words of a penal statute must be read in the light of the evil sought to be corrected, *Hightower* v. *Detroit Edison Co.* (1933), 262 Mich 1, and to effect the objects of the law. CL 1948, § 750.2 (Stat Ann 1962 Rev § 28.192).

"The purpose of *all* concealment statutes is clear. At the time they were enacted, the open carrying of weapons upon the person, was not prohibited. The purpose of the concealed weapons statutes was to prevent men in sudden quarrel or in the commis-

---

[2] The information charged defendant with carrying the gun concealed in his right front trousers pocket.

sion of crime from drawing concealed weapons and using them without prior notice to their victims that they were armed. The person assailed or attacked would behave one way if he knew his assailant was armed and perhaps another way if he could safely presume that he was unarmed." *People* v. *Raso* (1958), 9 Misc 2d 739 (170 NYS2d 245, 251).

See, also, *People* v. *Bailey* (1967), 7 Mich App 157.

The evident statutory purpose is reflected in the general rule applied in other jurisdictions that absolute invisibility is not indispensable to concealment of a weapon on or about the person of a defendant, and that a weapon is concealed when it is not discernible by the ordinary observation of persons coming in contact with the person carrying it, casually observing him, as people do in the ordinary and usual associations of life. 94 CJS, Weapons, § 8e, p 494; 56 Am Jur, Weapons and Firearms, § 10, pp 996–998; Annotation: 43 ALR2d 492, 510–15. See, also, *Driggers* v. *State* (1899), 123 Ala 46 (26 So 512); *Mularkey* v. *State* (1930), 201 Wis 429 (230 NW 76); *People* v. *Eustice, et al.* (1939), 371 Ill 159 (20 NE2d 83); *State* v. *Rabatin* (1953), 25 NJ Super 24 (95 A2d 431); *Prince* v. *Commonwealth* (Ky, 1955) (277 SW2d 470); *Kennedy* v. *State* (1960), 171 Neb 160 (105 NW2d 710); *Shipley* v. *State* (1966), 243 Md 262 (220 A2d 585); *State* v. *Tate* (Mo, 1967) (416 SW2d 103).

The case of *People* v. *Morris* (1967), 8 Mich App 688, supports the proposition that absolute invisibility is not required. This Court held in *Morris* that a straight razor carried in the pocket is concealed within the meaning of the concealed weapons statute, although the shape of the razor could be seen through the pocket by the arresting officer.

The issue of concealment depends upon the particular circumstances present in each case and

whether the weapon was concealed from ordinary observation is a question for the trier of fact to determine. *Commonwealth* v. *Butler* (1959), 189 Pa Super 399 (150 A2d 172); *Mularkey* v. *State, supra; State* v. *Mangum* (1924), 187 NC 477 (121 SE 765). The arresting officer's testimony was competent evidence to support a finding by the trier of fact that the defendant carried a concealed weapon on his person.

Affirmed.

T. G. KAVANAGH and FOLEY, JJ., concurred.