## STATE v. M. E. HAYNE.

*Concealed Weapons.*

Neither a deputy marshal of the United States, nor any other civil officer, has the right to carry a weapon concealed about his person, while off his own premises, unless he is actually engaged in the discharge of his official duty; and the burden is upon him to show that fact.

INDICTMENT for a misdemeanor tried at Spring Term, 1883, of BUNCOMBE Superior Court, before *Avery, J.*

The defendant was charged with a violation of the act of 1879, ch. 127, in carrying a pistol concealed about his person. The act makes it unlawful for any person, except on his own premises, to carry concealed about his person any pistol, &c.; and exempts from its provisions, among others, all civil officers of the United States, of this state, of any county, city or town of this state, *while in the discharge of their official duties.*

The state introduced one Frances as a witness, who testified that on a certain night in May, 1882, while the United States court was in session in the town of Asheville, hearing a disturbance at a restaurant kept by a person of color in the town, and going to the place, he found the defendant there, intoxicated, and some of his friends carried the defendant to a boarding-house

79

kept by one Hill; and soon afterwards Hill sent up-stairs, where the defendant had gone, and brought him down, refusing to let him stay; that defendant thereupon put his hand behind him toward his hip-pocket, when Hill started off, declaring he would get his gun. Upon hearing this, the defendant ran out of the house and into a barber-shop, and dropped a pistol as he entered, which he picked up and put into his hip-pocket.

The defendant testified, in his own behalf, that he was a United States deputy marshal at the time (showing his commission), and continued to be such until his arrest for this offence, when his commission was revoked; that on the night referred to by the state's witness, he had process in his hands to be executed on citizens of Madison and Buncombe counties, consisting of commissioner's warrants and more than one *capias* issuing from the United States court, and that he frequently arrested persons after night.

His Honor charged the jury substantially, that if they were satisfied from the evidence that the defendant, while off his own premises, carried a pistol concealed about his person, he would be guilty, unless they believed that he was at the time actually engaged in the discharge of his official duty as deputy marshal; and that the burden was on him to show that he was at the time in the discharge of such duty.

The jury found the defendant guilty, and he appealed from the judgment pronounced.

*Attorney-General,* for the State.
No counsel for defendant.

ASHE, J.   There is no error in the charge of the judge below. The law never intended to give persons, clothed with ministerial authority, the privilege of habitually carrying about their person concealed weapons, simply because they have in their hands warrants or process for the arrest of some one. The exemption

from the provisions of the statute is only given to such officers, while in the actual discharge of their official duties.

The defendant offered himself as a witness in his own behalf, and he did not pretend that he went to the restaurant with the expectation of meeting there any one against whom he had process, or that he was, on the night mentioned in the evidence, acting in the discharge of his official duties. He was, after night, at the restaurant of a colored man, intoxicated, and producing such a disturbance that he had to be carried off by his friends to a boarding-house in the town, and, when the proprietor refused to permit him to stay there, he attempted to draw his pistol, and would probably have done so, if it had not been for the prompt act of the latter in going for his gun, which caused the flight of the defendant.

The law gives no protection to a man under such circumstances, although clothed with the authority of a deputy marshal of the United States, and having at the time warrants and process in his possession.

The case does not fall within any of the exceptions of the statute. The defendant was properly convicted. There is no error. Let this be certified, &c.

No error.                                        Affirmed.