### STATE v. SAM PIGFORD.

*Indictment for Carrying Concealed Weapons—Intent.*

The criminal intent to constitute the offence of carrying concealed weapons is the intent to carry the weapon concealed ; and where one charged with the offence had the right to carry it openly but concealed it about his person, it was incumbent upon him to satisfactorily explain why he did not carry it openly.

INDICTMENT for carrying a concealed weapon, tried before *Graham, J.,* and a jury, at September Term, 1895, of PENDER Superior Court. The evidence was that the defendant was arrested on his own premises on the_____ day of August, 1895, on a warrant for failure to work the public road and was compelled by the officer to go with him immediately to be tried before a justice of the peace. The justice found the defendant guilty and sentenced him to the county jail for three days. The jailer in searching the defendant found a pistol concealed on his person. The defendant had the pistol concealed on his person when arrested on his own premises, and when compelled to go with the officer to trial and from trial to the jail. Before defendant's sentence of three days had expired the jailer on affidavit procured a warrant for his arrest for carrying concealed weapon and had him arrested, tried and bound over to court as soon as his term of imprisonment expired. There was no other evidence that defendant carried a concealed weapon.

His Honor instructed the jury that if they believed the evidence the defendant was guilty. There was a verdict of guilty and from the judgment thereon the defendant appealed.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J.: The defendant was not prohibited from carrying the pistol on his own premises, and if it had been made to appear that when arrested he had asked to be allowed to leave it at home and the officer had refused, there would have been some semblance of a defense, but even in that event it would still have been incumbent on the defendant to explain satisfactorily why he did not carry the pistol openly as he had a right to do, after leaving his premises, and not concealed about his person.

The criminal intent is the intent to carry the weapon concealed. *State* v. *Dixon*, 114 N. C., 850. There was no conflict of evidence, and his Honor properly instructed the jury that if they believed the evidence to find the defendant guilty.

No Error.