STATE v. JESSE HINNANT.

*Indictment for Carrying Concealed Weapon—Intent—Question for the Jury.*

Where, in the trial of an indictment for carrying a concealed weapon, the defendant admitted that he carried a pistol home "in his pocket," the presumption was, under the Statute, that he carried it with intent to conceal it, and it was a question for the jury whether the evidence rebutted such presumption.

INDICTMENT for carrying a concealed weapon, tried before *Graham*, *J.*, and a jury, at November Term, 1896, of WILSON Superior Court. The defendant was convicted and appealed.

*Mr. Attorney General Zeb V. Walser*, for the State.
No counsel, for defendant.

FAIRCLOTH, C. J. : The defendant was indicted for carrying a concealed weapon. He admitted that he purchased a pistol at a store and put it in his pocket and carried it home.

The only question sent to the jury was the intent with which the pistol was carried. His Honor charged the jury that they were the sole judges of the intent, and that if defendant put the pistol in his pocket only to carry it home he was not guilty, but if they believed from the evidence

that he did so with intent to conceal it while carrying it, he would be guilty; also, that they must not consider the evidence of what occurred at the corn shucking.

The question was properly left to the jury. *State* v. *Dixon*, 114 N. C., 850; *State* v. *Pigford*, 117 N. C., 748. The Statute raises the presumption of criminal intent, and it is for the defendant to rebut the presumption, which, in the opinion of the jury, he failed to do. *State* v. *McManus*, 89 N. C., 555; *State* v. *Lilly*, 116 N. C., 1049.

No Error.