## STATE v. W. H. REAMS.

*Indictment for Carrying Concealed Weapons—Concealment—Intent—Question for Jury—Trial.*

1. The gist of the offence of carrying a concealed weapon about one's person and off one's own premises, consists in the guilty intent to carry it concealed and not in the intent to use it.

2. The concealed possession of a weapon about one's person and off his own premises raises the presumption of guilt which may be rebutted, and whether, in a given case, the weapon is concealed from the public and such presumption of guilty intent is rebutted by the mode of carrying the weapon, are questions for the jury.

3. Where, in the trial of an indictment for carrying a concealed weapon, it appeared that the defendant had on no overcoat and had put his pistol, 10 or 11 inches long, in an upper outside coat pocket and that the handle and two inches of the breech were exposed to view and that when it was handed to him to take on a journey he said he did not intend to conceal it, it was error to instruct the jury that, if they believed from the evidence that any part of the pistol was concealed, that it could not be seen from the outside, they should find the defendant guilty.

INDICTMENT for carrying concealed weapon, tried before *McIver, J.,* and a jury at September Term, 1897, of NASH Superior Court. The evidence showed that the defendant carried a pistol in the upper breast pocket; that the pistol was 10 or 12 inches long and that part of the handle and barrel protruded from the top of the pocket. The Judge charged the jury, who returned a verdict of guilty, that if they found from the evidence that any part of the weapon was concealed they should return a verdict of guilty. The defendant appealed assigning as error the above recited instruction.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. F. S. Spruill,* for defendant (appellant).

FAIRCLOTH, C. J.: The Constitution, Article I, Section

24, says that, "The right of the people to keep and bear arms shall not be infringed.  .  .  .  .  Nothing herein contained shall justify the practice of carrying concealed weapons, or prevent the legislature from enacting penal Statutes against said practice." The legislature may then regulate the right to bear arms in a manner conducive to the public peace (*State* v. *Speller*, 86 N. C., 697) which it has done in Section 1005 of *The Code.*

The offence of carrying a concealed weapon about one's person and off his own premises consists in the guilty intent to carry it concealed and not upon the intent to use it; and the possession of the weapon raises the presumption of guilt, which presumption may be rebutted by the defendant. *State* v. *Dixon*, 114 N. C., 850, where the decisions are collected; *State* v. *Pigford*, 117 N. C., 748; *State* v. *Himmant*, 120 N. C., 572.

*State* v. *Lilly*, 116 N. C., 1049, was much like the present. The proof was that the pistol was under the defendant's overcoat, and there was evidence that the pistol could be be seen. It was held that it was a matter for the jury, and not for the Judge, to determine whether the evidence was sufficient to rebut the presumption of concealment raised by the Statute, and whether or not the weapon was, in fact, concealed.

In the present case there was evidence that the defendant had on no overcoat, that he put his pistol in the left hand upper outside coat pocket, that it was 10 to 11 inches long, that two inches of the breech and the handle of the pistol was showing, and the balance of the pistol was in the pocket. When the pistol was handed to the defendant to go on a journey, he said he did not intend to conceal it.

His Honor told the jury that "If any part of the pistol was concealed, it is an indictable offence, and if the jury believe beyond a reasonable doubt that any part of it was

concealed, that is, could not be seen from the outside, they should find the defendant guilty." This was error.

Carrying concealed weapons is a grievous evil and a constant menace to the good order and peace of society. It is cruel to the other party, who, when he engages in an altercation, is ignorant of the deadly force he encounters, and hence the *concealment* is the gist of the offence. It shows a deliberate purpose on the part of the offender to take his adversary at a deadly disadvantage.

Whether the weapon is concealed from the public, and whether the defendant has rebutted the presumption of guilt raised by the Statute when possession is shown, are questions of fact solely for the jury under proper instructions from the Court. If the weapon is partly exposed to public view, it would be difficult and unreasonable to say, as a legal conclusion, that it was concealed.

New trial.