STATE v. BOONE.

(Filed June 6, 1903 )

CARRYING CONCEALED WEAPONS—*Mail Carrier—The Code, Sec. 1005—The Constitution, Art. 1, Sec. 24—Constitutional Law—Civil Officers.*

A mail carrier is indictable for carrying a concealed weapon.

INDICTMENT against Riddick Boone, heard by Judge *M. H. Justice* and a jury, at April Term, 1903, of the Superior

Court of GATES County.   From a judgment of not guilty on a special verdict, the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

CLARK, C. J.   The special verdict finds:   "That within two years before finding the bill of indictment the defendant was U. S. mail carrier, bonded and sworn, from Adair to Topsy, in this State, and that on the day in question, while carrying the mail between said points the defendant had a pistol, a deadly weapon, concealed on his person, and after delivering the mail at Topsy he carried the pistol concealed from Topsy to his home, one-half mile."

The Constitution, Article I, Section 24, guaranteed to the defendant, as to all citizens, the right to bear arms.   The Legislature, however, has the undoubted right to require that such arms shall be carried openly, and to make the carrying concealed weapons by persons when off their own premises an indictable offense.   This it has done by Section 1005 of The Code, which contains certain exceptions.   The only exception, which it is contended embraces the defendant, is "civil officers of the United States while in the discharge of their official duties."   The defendant does not come within the exception for two reasons:

1.   "A mail carrier is not a public officer, but is a private agent of the contractor for carrying the mail" (and in some cases the contractor himself).   Mechem Pub. Off., Sec. 41; *Sawyer v. Corse,* 58 Va., 230; 99 Am. Dec., 445; Throop Pub. Off., Sec. 12; *State v. Barnett,* 34 W. Va., 74; *Hathcote v. State,* 55 Ark., 181.   In this last case it is said: "Engagement in the service of the Federal Government implies no license to violate State laws; and a crime against the State is not excused by the fact that the criminal was, at the time, though not in the act of its commission, engaged in such service.   No such doc-

trine is found in Neagle's case (*In Re Neagle,* 135 U. S., 1), for it only holds that what the Federal Government enjoins as a duty, the State can not punish as a crime.   It by no means follows that if a Federal officer while engaged in his employment, does some independent act in violation of State laws, he may not be held to answer for it.   The defendant shows no authority from the Federal Government empowering him as a mail carrier to carry weapons; and we think the fact. that he was a mail carrier affords no justification for the act in the absence of such authority.   *State v. Barnett,* 34 W. Va., 74."

If the mail carrier thought that carrying a weapon was necessary for the protection of the mails, or of himself, or for any other reason, or chose to carry it for no reason at all, he had a right to do so, but he must carry it openly, as the law requires of all other citizens when off their own premises, except those whom the statute authorizes to carry concealed weapons.   If his object was to keep off highwaymen, this could be better done by letting it be seen that he was armed than by carrying a concealed weapon.

2.   Even if the defendant had been a civil officer of the United States (and not a mere contractor or agent of a contractor), the pistol was not carried "while in the discharge of his official duties," for it was no part of his official duties to execute the laws or do anything which might require the use of weapons, still less was he on duty when carrying the pistol concealed from Topsy to his house, half a mile a way.   In *State v. Hayne,* 88 N. C., 625, this court held that "the exemption from the provisions of the statute is only given to such officers while in the actual discharge of their official duties"—Judge Ashe saying, "the law gives no protection to a man under such circumstances (*i. e.,* when off duty) although clothed with the authority of a deputy marshal of the United States, and having at the time warrants and process

in his possession." In *Love v. State,* 32 Tex. Cr. App., 85, it is held that "A deputy postmaster whose duties are confined to the postoffice building violates the law when on his private business or pleasure he is found carrying a pistol on the public streets."

The statute, The Code, Sec. 1005, forbidding carrying concealed weapons is a general one, and the exceptions are "officers and soldiers of the United States army, civil officers of the United States while in the discharge of their official duties, officers and soldiers of the militia and the State Guard when called into active service, officers of the State, or of any county, city or town, charged with the execution of the laws of the State, when acting in the discharge of their official duties." These exceptions are not intended to create a privileged caste of officeholders and military exempted from the prohibition, resting upon all other citizens, not to carry concealed weapons. But the exceptions in the statute simply authorize the classes named to carry concealed weapons when on duty, not as a privilege to them as a class, at all times, but for the public benefit, when in the discharge of duty. The defendant neither belonged to the exempted class nor was he on duty, when going from Topsy to his home.

There is no question here of concealment or of intent, which are matters of defense, but that subject has been recently and fully considered, with a review of the authorities in *State v. Dixon,* 114 N. C., 850; *State v. Lilly,* 116 N. C., 1049; *State v. Pigford,* 117 N. C., 748; *State v. Reams,* 121 N. C., 556; *State v. Brown,* 125 N. C., 704.

Upon the facts stated in the special verdict, the defendant should have been adjudged guilty. The judgment is reversed, and the case remanded that the sentence of the law may be imposed.

Reversed.

DOUGLAS, J., dissents.