## Warner v. Commonwealth.

(Decided May 6, 1919.)

## Appeal from McCracken Circuit Court.

1. Criminal Law—Evidence—Question for Jury.—Where the evidence is conflicting and one witness testifies positively to the act

which constitutes the violation of the statutes, and a witness for the defendant positively refutes the statements of the prosecuting witness, it is a question of credibility of which the jury is the judge.

2. Criminal Law—Carnal Knowledge—Evidence—Corroboration.— On the trial of one charged with carnally knowing a female under the age of sixteen years, evidence of defendant's intercourse with the girl after she became sixteen years of age may be received in corroboration of primary evidence of intercourse with her while under that age.

3. Appeal and Error—Verdict.—This court will not disturb a verdict of a jury where it is not flagrantly against the evidence.

C. A. WICKLIFFE for appellant.

CHARLES H. MORRIS, Attorney General, BEVERLY M. VINCENT, Assistant Attorney General, and JACK E. FISHER, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

At the April term, 1918, of the McCracken circuit court the grand jury returned an indictment against A. C. Warner accusing him of the crime of carnally knowing a female under the age of sixteen years. On motion of the defendant the case was continued to the September term when a trial was had, but the jury being unable to agree upon a verdict, was discharged, and the case continued to the January, 1919, term of court, when the defendant again moved for a continuance and filed his affidavit in support of the motion, which affidavit the attorney for the Commonwealth consented might be read as the deposition of the witnesses named therein, whereupon the court overruled the motion of defendant for a continuance of the case, and a trial resulted in a verdict of guilty, and Warner's punishment fixed at ten years' confinement in the state penitentiary. From the judgment entered upon that verdict Warner appeals, urging three grounds for a reversal: (1) because the trial court admitted incompetent evidence by the Commonwealth, to which defendant objected at the time; (2) because the verdict is contrary to the law and evidence and so flagrantly against the evidence as to indicate that it was rendered under the influence of passion and prejudice; (3) because the Commonwealth's attorney was guilty of such unfair practice and misconduct as to deprive defendant of a fair and impartial trial. This last ground was set up in an amended motion and grounds for new trial.

The evidence is very brief. Aside from two or three witnesses as to character, there are but two witnesses, one for the prosecution and one for the defense.

In October, 1906, Warner, then a widower with two or three children, married Mrs. Rose Wilson, a widow, who also had two or three children, and the two families lived together in a three-room house on the Allen farm, in McCracken county, and with them lived Mrs. Warner's mother. This arrangement continued until 1910, when Dean Wilson, the prosecuting witness in this case, then about twelve years of age, went to live with her uncle, Mr. Duncan. Duncan moved to Arkansas, taking Dean Wilson with him and she lived there about five years, returning in 1917, when she was more than sixteen years of age. At the time of the marriage of Warner to Mrs. Wilson, in 1906, Mrs. Wilson was about thirty years of age. Warner was something more than fifty years of age, and Dean Wilson was about nine years old. The crime charged against Warner is alleged to have been committed on Dean Wilson when she was eleven years of age, and some ten years before the institution of this prosecution. It appears from the evidence that appellant Warner and his wife had separated and Mrs. Warner, at the time of the trial of the case, resided in Indiana; it is also in evidence that Dean Wilson is the mother of a child, and she testified she was twenty-one years of age at the time of the trial.

The Commonwealth called Dean Wilson as its first witness. She testified that her stepfather, Warner, with whom she lived at the time, came to her bed one night while they lived on the Allen farm, when she was eleven years old, and had sexual intercourse with her; that the other members of the family were in the house, including her mother, who slept in another room; that she did not know whether her mother was awake or asleep; that it hurt some but that she did not make any outcry, and that she told her mother about it the next day; from time to time thereafter Warner had sexual intercourse with her over a period of about two years; that Warner said to her: "It was the very thing to do; he done it to his own girl that way and that it was all right, and he did it to his first wife's sister that way; it was all right."

She then states she went to live with her uncle and was away from Warner about five years.

The appellant Warner emphatically denied the statement of the witness Dean Wilson, and said he did not have carnal intercourse with her at the time or place mentioned by her when she was eleven years of age. He was asked: ''Tell the jury whether or not you had intercourse with Dean Wilson prior to her sixteenth birthday? A. I did not. Q. How many members of the family were there at the time you married? A. I had two boys and a girl and she had two. Q. Did she have a grandmother or an aunt living there too? A. If you go into that you will bring out a family discord. . . . Q. What size house did you live in? A. Three rooms. . . . Q. Did you get up from your bed and go to Dean Wilson's bed and have intercourse with her? A. I did not. Q. Did you have intercourse with her at any place? A. Prior to the time she became sixteen years of age, no, sir.''

Two or three witnesses testified for the Commonwealth that they were acquainted with A. C. Warner, and that his general reputation for truth and veracity in the neighborhood in which he lived, among those with whom he associated, was bad.

The Commonwealth's attorney asked appellant: ''Q. I will ask you this question, did or not you *ever* have intercourse with Dean Wilson,'' to which the defendant objected, and the court sustained the objection. Counsel for the Commonwealth then avowed, ''that if the witness was permitted to answer he would state he had had intercourse with her and that she had a baby by him.'' The court sustained the objection to the question on the theory that it was wholly irrelevant on the trial of this case as to whether Warner had intercourse with Dean Wilson after she arrived at the age of sixteen years.

While we think the court was in error in sustaining the objection, it was an error in favor of the defendant of which he could not and does not complain, but he does strenuously insist that the Commonwealth's attorney committed prejudicial error by the injection of such a question, and especially by repeating it. With this contention we can not agree, for the question might have properly been answered, and the answer treated as corroboration of the statement of the prosecuting witness, provided the answer was the same as the avowal made by the Commonwealth, and this we take to be true from the answer of appellant himself, wherein he says that he had

not had intercourse with Dean Wilson prior to her sixteenth birthday, but carefully avoided saying that he had not had intercourse with her after she arrived at the age of sixteen years. It was not competent on the trial of the charge of having intercourse with a girl under the age of sixteen years, to prove as an original proposition that the defendant had intercourse with her after she arrived at the age of sixteen, except in corroboration of primary evidence that defendant has been guilty of intercourse with the girl while under the age of sixteen years. But as this evidence was excluded by the trial court, we are unable to see how it could possibly have prejudiced the rights of appellant nor do we attach great importance to the fact that the attorney for the Commonwealth repeated the question or asked it in different forms even after the trial court had sustained the objection of appellant.

There was strong evidence of the guilt of defendant. While there was but one witness to the fact of the intercourse, there was but one to the contrary, and the jury was the judge of the credibility of the witnesses and the facts. The appellant was impeached for truth and veracity, while the prosecuting witness was not. The question was one for the determination of the jury, and this court would not be justified in reversing the judgment on the ground that the verdict is not sufficiently sustained by the evidence under the state of the record here.

Finding no substantial error to the prejudice of appellant, the judgment is affirmed.