## Fleming v. Commonwealth.

(Decided March 8, 1921.)

## Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Evidence—Appeal and Error.—In a criminàl trial, if there is evidence to support the verdict of the jury, and the verdict is not palpably against the weight of the evidence, it will not be disturbed upon the ground that it is contrary to the evidence.

2. Criminal Law—Evidence— Question for Jury.—In a criminal trial, the weight to be given to the testimony of the witnesses and the circumstances proven, are matters within the province of the jury, in determining what the facts were.

3. Criminal Law—Imprisonment.—Punishment by imprisonment, under the humane conditions prescribed by law, and not disproportionate to the enormity of the offense, in the opinions of reasonable men, is not a cruel punishment within the constitutional inhibition against the imposition of cruel punishment.

BRENT C. OVERSTREET for appellant.

CHAS. I. DAWSON, Attorney General, and C. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

The appellant, Mable Fleming, was indicted for the crime of murder, which was committed as charged in the indictment, by shooting and mortally wounding Ethel Thompson with a pistol, and from which shooting the victim died the following day. A trial resulted in her conviction of the crime of manslaughter and the fixing of her punishment at imprisonment for fifteen years. Her motion to set aside the verdict of the jury and to grant a new trial having been overruled, she has appealed from the judgment.

The grounds presented for setting aside the verdict of the jury, in the motion for the new trial were: First, the court misinstructed the jury; second, the verdict was against the law and the evidence; and third, the verdict was cruel and excessive. Counsel for appellant does not suggest any defect in the instructions, which the court gave to the jury. They fairly present the issues in the case without ambiguity, and are not susceptible of misapprehensions.

No complaint is made of any ruling of the court as to the admission or rejection of testimony, but it is insisted that the verdict is not supported by the evidence, but is flagrantly against it, and to determine the soundness of that contention it is necessary to consider the salient facts developed by the evidence. The appellant and her victim were females, and each between eighteen and twenty years of age, in the opinion of their acquaintances. A hostile feeling existed between them, which grew out of a rivalry for the affections of one of the males of the species, and which in this instance shows what gives color to the philosophy that the "female of the species is more deadly than the male." The victim was at the dwelling of one Mamie Smith, where she was a frequent visitor, and to which place the appellant claimed that she had been invited by the hostess to come on the same occasion, but when she arrived, riding upon a wagon with a friend, she discovered her enemy there and as she deposes, having been threatened by her on the previous evening, she thought, being unarmed, that it was not safe to stop, and therefore passed on to her own home, which was nearby, and where she secured her pistol, and then concluding to make a visit to the home of a grandparent, she carried the pistol with her. Whether the residence of Mamie Smith, where appellant had seen her enemy, was on the way from her own home to that of her grandparent does not appear, but in a very short time, she was observed by a neighbor to be standing in front of Mamie Smith's door, where Ethel Thompson, the victim of the homicide, then was, and where the appellant had seen her a few minutes previously. The appellant then seems to have abandoned her purpose to visit her grandparent, but stopped a short time in front of Mamie Smith's door, and then turned aside into the space in front of the house of the neighbor, just across the alley from the front of Mamie Smith's house, and therein engaged in a conversation with the neighbor. In a short time Ethel Thompson was observed to be sitting in the door of Mamie Smith's residence and appellant called to her saying, "If you don't like what I said, come out." Ethel arose and started toward the alley between them and about the same time appellant hurriedly returned to the alley and about the same time drew and began to discharge her pistol at Ethel who continued to advance, and the appellant be-

gan to retreat at the same time continuing to shoot, until at the fourth discharge of the pistol Ethel fell mortally wounded, and appellant then fled from the scene. One shot penetrated the outer side of the victim's left thigh, and the other penetrated her breast, and her clothing was set on fire from the near proximity to her of one or more discharges of the pistol. The three eye witnesses deposed that the victim of the homicide was not armed in any way and made no effort to strike the appellant with anything, but seemed to be attempting to grasp her with her hands. The appellant deposed that her victim was armed with a brown handled knife and was attempting to cut her with it, and did cut a gash in a blue middy, which she was wearing, and that when she fell after the fourth shot, Mamie Smith picked up the brown handled knife, which was near the body, and carried it away. This statement is denied by Mamie and she was corroborated in the denial by the other two eye-witnesses who deposed that the deceased had no knife, and that none was near her body after she fell. Mamie, also, deposed that she had not invited the appellant to her home on that occasion. A woman, at whose home the appellant was accustomed to spend a large portion of her time, deposed that on the evening previous to the homicide, in passing Ethel Thompson and others on the street, she overheard her say that she intended to stick a knife in appellant and turn it around, and that Mamie Smith came to her home and warned appellant that she had heard the Thompson girl say that she intended to "get her." This Mamie Smith, also, denied. A lad of fourteen years deposed that the Thompson girl, on the morning before she was killed, communicated to him when he met with her upon the street, that the appellant had "mistreated her and that she was going to get her." He also said that the deceased then had a brown handled knife in the pocket of her apron. It was, also, proven that the deceased went to her work upon the day she was killed, at about half past seven o'clock, and after working a short time, went away. Where the appellant was on that morning previous to the time, when, passing the house of Mamie Smith upon a wagon, she saw the deceased there, does not appear. The weight to be given to the statements of all the witnesses and the circumstances proven, was within the province of the jury, who saw and heard the witnesses

and the appellant in her own behalf. While the appellant insists, that she armed herself from fear of the deceased, because of the threats which deceased had made to do her violence, and when she shot her victim to death, did no more than she had a right to believe was reasonably necessary to protect herself from great bodily harm; the evidence easily supports the conclusion that the appellant moved by an ill-feeling, which was mutual to her and the deceased, seeing her at the house of Mamie Smith, immediately proceeded to her own home, armed herself with a pistol, and returned and sought out her victim for the purpose of engaging in a fight and doing her violence, and caused and brought on the fight and willingly engaged in it, and unnecessarily for her protection from serious injury, or when she believed that it was necessary for such protection, shot her adversary to death. A verdict is not against the evidence because the jury in its opinion gives credence to certain witnesses, and refuses to believe others. The jury is peculiarly qualified to determine facts where the evidence and circumstances are contradictory, and its verdict will not be disturbed, where there is evidence to support it and it is not palpably against the weight of the evidence. Utterback v. Com., 190 Ky. 138; Hall v. Com., 189 Ky. 72; Warner v. Com., 184 Ky. 189; Martin v. Com., 178 Ky. 439.

If the theory of the prosecution was accepted by the jury as the truth of the matter, the punishment imposed by the verdict was not excessive, and punishment by imprisonment under the humane conditions prescribed by law, for a period not disproportionate in the opinions of reasonable men to the enormity of the offense, can not be considered a cruel punishment within the meaning of the constitutional inhibition against the imposition of cruel punishments.

The judgment is therefore affirmed.