## Franklin v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Setting Aside Verdict—Evidence.—Courts are reluctant to set aside a verdict of conviction in a criminal case upon the ground that it is flagrantly against the evidence and will not do so where there is any substantial testimony tending to show conviction, unless the evidence of guilt is so overwhelmingly contradicted as to indicate passion and prejudice on the part of the jury, and to permit it to stand would shock the conscience of the court. In this case the evidence, as set out in the opinion, examined and held that it is sufficient to sustain the conviction on the charge of carrying concealed a deadly weapon.

2. Criminal Law—Carrying Concealed a Deadly Weapon—Disfranchisement of Defendant.—It is not necessary upon a conviction of the offense of carrying concealed a deadly weapon, as denounced by section 1309 of the statutes, for the enforcement of the disfranchisement of the defendant for two years, as is provided by an amendment to the section enacted in 1914, that such consequence should be incorporated in the verdict of the jury, or that any reference thereto should be made therein; it being the duty of the court to adjudge the disfranchisement in each case of conviction independently of any reference thereto in the verdict.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, George Franklin, was convicted in the Letcher circuit court under a proper indictment charging him with the offense of unlawfully carrying concealed upon or about his person a pistol which was a deadly weapon. The judgment not only enforced the verdict of the jury but it also disfranchised the defendant for a period of two years from its date. The motion for a new trial was overruled and defendant appeals urging, through his counsel, as the principal ground for a reversal that the verdict is not supported by the evidence, and that the court should have sustained his motion for a directed acquittal, the disposal of which requires a brief statement of the testimony.

The Commonwealth introduced but one witness, F. F. Pendleton, who testified in narrative form that on the 15th day of November, 1921, "he was coming

down Colley creek in Letcher county, Kentucky, and saw the defendant, George Franklin, in company with Leonard Stallard and Harlan Combs; that Harlan Combs was drunk and waiving his arms about in the air, and the defendant, George Franklin, was holding him by one arm and said Leonard Stallard by the other; that the defendant, George Franklin, had an automatic pistol in his hand when he first saw him and that as he walked along with said Harlan Combs holding him by one arm the defendant 'stuck' the pistol down in his pocket several times and pulled it out again, and that defendant finally before the said Pendleton got to the defendant and said parties the defendant put said pistol down into his pocket and left it in his pocket, and that as he passed the parties he did not see it, and that he passed said parties and went on down the road.'' Defendant admitted in his testimony that he met the witness, Pendleton, upon the occasion and under the conditions stated by him and that he had in his hand a pistol which he said belonged to Harlan Combs from whom he had taken it only a short while before; that he and Stallard came upon Combs, who was exceedingly drunk and waiving his pistol, and he took the pistol from Combs to prevent him from harmfully using it, and that he carried it in his hand while he was on one side of Combs and Stallard on the other, and was doing so when Pendleton came in sight of them and when he passed them, but that he at no time put the pistol in his pocket. Stallard testified to substantially the same facts, except on cross-examination he stated ''that he didn't keep his eye right on the defendant, George Franklin, all the time, . . . and that each time he did look at the defendant he had the pistol in his hand.''

Those three were the only witnesses who testified upon the trial and it is vigorously insisted that the testimony as a whole is insufficient to sustain the conviction because the prosecuting witness, Pendleton, did not in express terms state in his testimony, as transcribed in narrative form in the record, that he looked directly at defendant's pocket at the time he passed the parties, which was the time when he said he did not see the pistol but which he had seen, according to his testimony, up to the time defendant put it in his pocket. We regard this as an extremely technical criticism of the witness' testimony. The irresistible conclusion from his testimony as a whole is that he was watching the pistol as much as if

not more than anything else, since the conduct of the parties, which he describes, was sufficient to excite fear or apprehension, or both, and to cause an ordinarily prudent and cautious man to be carefully watchful. We are, therefore, clearly of the opinion that the jury had the right to conclude that the prosecuting witness was apprehensive and looked for the pistol, but failed to observe it because it was concealed. It also must not be overlooked that the witness did specifically state that defendant finally and just before the witness passed put the pistol "down into his pocket and left it in his pocket." The case, therefore, is, according to our view of the testimony, reduced to the proposition of one witness testifying for the Commonwealth and his testimony contradicted by the defendant and partially contradicted by another, which most certainly does not authorize a directed acquittal by the court; nor can it be said that the verdict of conviction is so flagrantly against the evidence as to indicate passion and prejudice on the part of the jury so as to authorize a reversal upon that ground, but which would be sufficient for that purpose if the testimony as a whole sustained the contention of counsel. Wells and Isaacs v. Commonwealth, 195 Ky. 740; Fleming v. Commonwealth, 190 Ky. 810, and cases referred to therein. Those cases, and many others from this court which might be cited, hold that it is the peculiar province of the jury to pass upon the facts, and after a verdict has been rendered in a properly submitted case a new trial should not be granted because of the insufficiency of the evidence to support the verdict where there is any testimony of a substantial character tending to show guilt, unless the contrary testimony is so overwhelming as to create the irresistible conclusion that the verdict was the result of passion and prejudice on the part of the jury and to permit it to stand would shock the conscience of the court.

If the judicial reluctance with which courts grant new trials upon the ground that the verdict of conviction is not sustained by sufficient evidence should be more sparingly exercised in one class of infractions of the criminal law than another it should be done in that class of which produce the most woe to the human family and the greatest destruction to the peace, happiness and good order of society, among which we are convinced is that of carrying concealed deadly weapons. That offense is perhaps entitled to head the list as causing more tears, more sorrow and the loss of more lives than any

other single one; for, though one may be beside himself because of intoxication or other causes, yet he cannot maim or kill his fellowman unless he has the weapon with which to do it. If the law condemning that practice was universally observed many persons now in prison would be free, and many wives and children would not be reduced to the condition of struggling widowhood and orphanage, to say nothing of the grief and sorrow that would be prevented. These consequences, however, do not call for the application of a different rule of practice in such cases, but they do appeal to a reviewing court to exercise great caution before disturbing the healthy effect of a conviction.

In the motion for a new trial complaint is made of that portion of the judgment disfranchising the defendant for two years when it was not contained in the verdict of the jury as a part of the punishment, and it is intimated in brief that the judgment is erroneous for that reason, but it is perfectly manifest that this contention is without merit. The statute creating the offense for which defendant was tried is section 1309 of the 1922 edition of Carroll's Statutes. The disfranchisement of the defendant upon conviction was added to the section by an amendment enacted in 1914, which is on page 88 of the Session Acts for that year. Clearly it attaches as a consequence of conviction and is not dependent for its enforcement upon the recommendation of the jury, but should be included by the court in its judgment in all cases of conviction independently of any reference thereto in the verdict.

It is our conclusion that defendant had a fair trial and that the testimony of the Commonwealth's witness was sufficient to authorize a conviction, and the judgment is therefore affirmed.