## Hall v. Commonwealth.

(Decided October 13, 1922.)

### Appeal from Knott Circuit Court.

1. Judgment—Reversal.—A judgment will not be reversed because
   contrary to the evidence, unless the verdict is flagrantly against
   the evidence.
2. Judgment—Reversal—Evidence.—A judgment will not be reversed
   on account of testimony of a witness being given in rebuttal, when
   it should have been offered in chief, if the evidence is relevant and
   competent and not objected to at the time it was offered.

JOE HALL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Affirming.

Hiram Hall stabbed with a knife and killed Allen Col-
lins, near a schoolhouse, upon a road, which ran along
Dry creek, in Knott county. He was indicted for the
crime of murder, and after two mistrials arising from the
failure of the jury to agree, he was put upon trial before
a jury from the county of Floyd, which found him guilty
of the crime of voluntary manslaughter, and fixed the
penalty for the crime at confinement in the state reforma-
tory for the period of four and one-half years, and he has
appealed.

The theory of the Commonwealth, which was sup-
ported by the testimony of certain witnesses, was that

Collins was going down the public highway riding a mule and in the company of Can Bates, a school teacher, and two small boys of the name of Caudill, and when they arrived near to the schoolhouse Collins stopped for a moment in conversation, when Hall was seen approaching from the opposite direction, upon horseback. Collins had heard of an accusation which he had been informed was made by Hall against Kennal, the small son of Collins, and when Hall approached and came alongside of Collins, the latter asked Hall where it was that he had seen his son, Kennal, guilty of the thing of which he had been informed that Hall accused him. Hall denied that he had made any such accusation, or had said anything to that effect. Collins said to Hall not to deny it, that he could prove that he said it, and with an oath said that it was sorry conduct upon the part of Hall and others, men, to treat boys as they had done. Hall called Collins a d—d liar, and Collins struck him in the face with his fist or hand, and Hall returned the blow in the same manner. Each of them dismounted from opposite sides of their respective steeds, and Hall came hurriedly around the horse and mule to the side upon which Collins was with a drawn knife in his hand. About the same time Collins jerked a pistol from a pair of saddlebags which were upon his saddle, cast off the holster and presented the pistol at Hall, who said to him not to shoot. Collins then changed the pistol from his right hand to his left, and with his right struck Hall a backhanded blow about the face, when Hall threw one arm around the shoulders of Collins, and the hand with the drawn knife was seen to go up in the breast of Collins. They struggled diagonally down and across the road, and when they came upon the bank of the road next to the creek they fell, Collins upon his back and Hall on top of him. Just at this time Collins' pistol was discharged, the ball entering the body of Hall and passing through it, when Hall fell over and from off Collins, and then the pistol was discharged again. Hall, in the meantime, had seized the pistol and Collins called to Bates that Hall had cut him to pieces. Bates then interfered and succeeded in taking the pistol from the struggling men. Hall then mounted his horse and proceeded on his way. Collins sank down, but was able, with the assistance of Bates, to get to near the schoolhouse, where he died in about forty-five minutes. The theory of the Commonwealth being upon these facts, that Hall had come around the horse and mule with a drawn knife, for

the purpose of cutting Collins, who, to defend himself, had gotten the pistol, but had shown his purpose not to use the pistol by taking it into his left hand, and pushing or striking Hall with his right, was trying to prevent Hall from using the knife, and thus when Hall was in no danger, he had seized Collins around the shoulders, and with the knife had given him the fatal stab in or near the right shoulder which produced a gash an inch and one-half in length and that Collins did not shoot with the pistol until he was down on his back, and Hall was upon him. There were two other slight knife wounds about Collins' throat. The theory of the appellant, and it was supported by his own evidence and that of other witnesses, was that Collins had stopped at the point where the fight occurred for the purpose of engaging in a trouble with him, and that when Collins had accused him of making the accusation against Collins' boy, that he denied it and offered to make an affidavit to that effect, but that Collins denounced him as a liar, and struck him and immediately went for his pistol, and the appellant, for the purpose of protecting himself, drew his knife, but repeatedly requested Collins not to shoot him, and that Collins commenced to beat him over the head with the pistol, and that he was attempting to ward off those blows, and thus the struggle to the point where they each fell with their feet together and heads in opposite directions, and as they were arising that Collins shot him with the pistol and then shot at him a second time, when in attempting to seize the pistol his finger was caught around the trigger in such a way that the pistol could not be discharged, and that it was then that he used his knife upon Collins, who called to Bates to interfere, that Hall had cut him to pieces, and that Bates did interfere and took the pistol which Collins and Hall were both holding, and that he then mounted his horse and went away, and that his cutting and killing Collins were done under the reasonable belief that it was necessary to save his own life. The theory of the Commonwealth, and, also, that of appellant, was submitted to the jury under proper instructions, and while the objection was made by the appellant to the instructions given to the jury setting out the law of the case upon the facts, there seems to be no just ground for any criticism. The instructions were all predicated upon evidence heard upon the trial, and they fairly submitted the issues which arose upon the evidence.

(a) The appellant insists that the judgment should not be allowed to stand, because, the verdict was contrary to the evidence. To this we cannot agree. While there is much evidence supporting the contention, that appellant was authorized to believe, that it was necessary in the defense of his life and person from great bodily harm, to stab the deceased, there is evidence tending to prove the contrary, and the jury was the tribunal to whom the law confides the decision of such questions, and whatever our opinions are, as to what the verdict should have been, we are not authorized to set aside a verdict, which is supported by evidence, unless it is palpably and flagrantly against the evidence, which can not be said, unless we resolve ourselves into the triers of the facts, in each and every case. Fleming v. Commonwealth, 190 Ky. 810; Martin v. Commonwealth, 178 Ky. 439; Warner v. Commonwealth, 184 Ky. 189; Utterback v. Commonwealth, 190 Ky. 138.

(b) Complaints are made of errors in the admission and rejection of evidence, which will now be considered. It is complained, that the witness, Can Bates, was permitted to state what he had heard of other persons saying, and that while the court sustained an objection to the questions and answers, it did not admonish the jury that it should not consider the statements. An examination, however, discloses the fact, that the witness was not permitted and did not state any of the things complained of.

(c) Appellant moved the court to exclude from the consideration of the jury, the testimony of Florence Hall, with reference to statements, she heard appellant make as to what occurred at the time of the homicide. This evidence was entirely competent, as evidence in chief, as it was the declaration of the appellant, himself.

(d) A complaint is made, that the witness, Andy Hall, was not permitted to state what the appellant said in the conversation, about which Florence Hall testified for the purposes of contradicting the latter witness. The record, however, shows that Andy Hall was never requested to give the conversation in detail, but, was allowed to deny certain statements made by Florence Hall, and about which he was asked. The appellant, in his testimony, only denied the same portions of the testimony of Florence Hall, about which Andy Hall was asked and testified. No objection was made by appellant to the ruling of the court, with reference to the testimony of Andy Hall, and no exception taken.

(e) The appellant, also, complains of the testimony of Burke, who was introduced by the Commonwealth in rebuttal. His testimony was such as should have been introduced in chief, but, the evidence given by him was competent and relevant, and the appellant made no objection to his testifying at the time or to the things testified to by him, and an objection comes too late now.

The judgment is therefore affirmed.