## Hunter v. Commonwealth.

(Decided April 21, 1931.)

J. L. VALLANDINGHAM for appellant.

J. W. CAMMACK, Attorney General (HOWARD SMITH GENTRY, of counsel), for the Commonwealth.

Opinion of the Court by Chief Justice Thomas—Dismissing appeal.

The appellant and defendant below, M. D. Hunter, was indicted by the grand jury of Owen county under section 1358a of the 1930 edition of Carroll's Kentucky Statutes, and in which he was accused of selling, disposing of, and converting to his own use two sows belonging to B. F. Taylor, without the latter's consent. The court overruled defendant's motion for a peremptory instruction of acquittal, and, under the instructions submitted, the jury convicted him of the misdemeanor offense contained in the section of the statutes referred to, and punished him by confinement in the county jail for "30 days." His motion for a new trial was overruled, and he has filed a copy of the record in this court with a motion for an appeal, but which we are compelled, under the provisions of section 347 of the Criminal Code of Practice, to dismiss for want of appellate jurisdiction. That section expressly denies the right of a convicted misdemeanant to appeal to this court where the fine is less than $50, or the imprisonment not more than "thirty days." And, since the only punishment inflicted in this case is imprisonment for that exact period, no review of the trial can be had in this court.

Notwithstanding our inability to disturb or interfere with the judgment, we have carefully read the record and find absolutely no justification for the verdict or the judgment rendered thereon. The undisputed facts as contained in the record are: That Hunter and Taylor entered into an arrangement whereby the latter would and did furnish to the defendant two brood sows, and he agreed to and did take them upon his farm, and each party was to share equally in the increase. The first litter of pigs appeared in the spring of the year, and along in the summer they had become sizeable shotes; there being nine in all. Taylor telephoned defendant that he wished to divide the shotes in kind and to take unto himself his portion. That, however, was not done, for some cause not explained by the record, and along in August thereafter defendant sold five of the shotes and one of the sows to a man by the name of Honaker for $60, and directed the check therefor to be made and sent to Taylor by Honaker, which was done, and Taylor indorsed it and cashed it.

There is proof that, before he cashed that check, he knew that one head of the hogs for which the check was given was one of the sows that he had furnished to defendant, the check saying in its face: "For division of hogs of Hunter & Taylor, in full, 6 head." There is absolutely no proof whatever that Hunter ever in any manner sold, converted, or otherwise disposed of the other sow furnished to him by Taylor, nor is there any evidence to show that he converted to his own use the other one; but, on the contrary, he sold it, and the purchase price was paid to Taylor, defendant not receiving one cent thereof. It is extremely doubtful if, under such circumstances, the statute under which defendant was indicted is applicable at all; but, if otherwise, it is clearly shown that defendant never intended to appropriate to his own use or in any manner convert the sow that he did sell so as, or in a manner to, come within the intention and purpose of the statute. He no doubt was under the impression that he and Taylor under the arrangement became equal partners in the entire property put into the venture, and he was liberal enough to allow Taylor five of the nine shotes as his half of them, and he may have thought that he himself was entitled to the other sow. But whether he did so or not there is no proof, we repeat, that he ever sold or converted that animal to his use, either with or without the consent of Taylor. It is therefore clear to our minds that appellant is not guilty of the offense for which he stands convicted, and this case is one that should be presented to the executive department for relief.

However, for the reasons stated, we are without authority to molest the judgment, and the appeal is dismissed.

The whole court sitting.