# Elkin v. Commonwealth.

(Decided June 1, 1937.)

SHUMATE & SHUMATE for appellant.

B. M. VINCENT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

The appellant, C. C. Elkin, was convicted of the offense of carrying concealed upon or about his person a deadly weapon, and his punishment was fixed at a fine of $50 and imprisonment in the county jail for ten days. The judgment did not disfranchise the appellant, an additional penalty which attaches as a consequence of conviction by virtue of the amendment to section 1309 of the Kentucky Statutes enacted in 1914. Franklin v. Com., 195 Ky. 737, 244 S. W. 299.

A number of witnesses for the commonwealth testified that appellant and Vernon Puckett met on a street in Irvine, Ky., and had an altercation. Appellant drew from his pocket a .38-caliber pistol and struck at Puckett. This evidence was uncontradicted. Although the offense of which the defendant was con-

victed is a misdemeanor, he has attempted to prosecute an appeal directly from the Estill circuit court. No motion for an appeal has been made pursuant to section 348 of the Criminal Code of Practice, and it follows that we are without jurisdiction to consider the question which he seeks to have reviewed.

Appeals in felony cases are regulated by section 334 et seq. of the Criminal Code of Practice. In a felony case the appeal must be prayed during the term at which the judgment is rendered, and shall be granted as a matter of right. Criminal Code of Practice, sec. 336. Appeals in misdemeanor cases are regulated by section 347 et seq. of the Criminal Code of Practice. Section 347 provides that a defendant against whom a judgment has been rendered in the circuit court in all penal actions and prosecutions for misdemeanors in which the judgment was for a fine for as much as $50, or for imprisonment exceeding thirty days shall have the right to have such judgment reviewed by the Court of Appeals. Section 348 of the Criminal Code of Practice, which was chapter 34 of the Acts of 1926 (section 2), provides that such right shall be prosecuted as follows:

"The party desiring a review of any such judgment shall cause to be prepared by the clerk of the circuit court a record of the proceedings in that court and file same with the clerk of the Court of Appeals within sixty days after the motion for a new trial in the circuit court has been acted upon, or within sixty days after the bill of exceptions is approved and filed as a part of the record, and shall at the same time file a motion for an appeal from the judgment. The defendant if he appeals may at any time during said sixty days supersede the judgment by executing bond before the clerk of the circuit court. * * *

"The case will be put on the docket in the same manner and called at the same time as other cases, and will receive the same consideration. If, on considering the case, it appears to the court that error was committed by the lower court prejudicial to the substantial rights of the appellant, the motion to grant an appeal will be sustained and an opinion written, but if it appears that the substantial rights of the appellant were not prejudiced by errors committed in the lower court, and

that the judgment should be affirmed, the motion will be overruled without an opinion, unless the court thinks the questions involved of sufficient importance to write an opinion. An order refusing to grant an appeal will have the same effect as an affirmance of the judgment.''

This section of the Code prescribes the procedure necessary to obtain a review of a judgment in a misdemeanor case. By excluding from the right of suffrage one convicted of the offense of carrying concealed upon or about his person a deadly weapon, the Legislature has made the offense an infamous one which can be prosecuted only by indictment. King v. City of Pineville, 222 Ky. 73, 299 S. W. 1082. The offense, however, is not a felony, but remains a misdemeanor, and the circuit court cannot grant an appeal from a judgment of conviction. Section 1127 of the Kentucky Statutes provides:

*"Offenses are either felonies or misdemeanors.* Such offenses as are punishable with death or confinement in the penitentiary are felonies. All other offenses, whether at common law or made so by statute, are misdemeanors.''

The procedure prescribed by section 348 of the Criminal Code of Practice must be followed in a misdemeanor case in order to obtain a review of the judgment. The practice under this section of the Criminal Code of Practice is the same as the practice prescribed in civil cases in section 950-3, Kentucky Statutes, where the amount in controversy, exclusive of interest and costs, is as much as $200 and less than $500.

Since there has been no compliance with section 348 of the Criminal Code of Practice, this court is without jurisdiction, and the appeal must be, and is, dismissed.