## Compton v. Commonwealth.

(Decided Oct. 5, 1937.)

R. S. TARTER for appellant.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Dismissing appeal.

The appellant was indicted, tried, and convicted in the Pulaski circuit court on a charge of unlawfully selling spirituous liquor in a local option territory and his punishment was fixed at a fine of $20 and imprisonment in the county jail for a period of 30 days. A motion and grounds for a new trial was filed and overruled and appellants prayed an appeal to this court which was granted by the court below. Appellant insists on a reversal of the judgment on the grounds that the court erred in not sustaining the motion of appellant for a directed verdict finding him not guilty; and, that the ver-

dict of the jury was palpably and flagrantly against the weight of the evidence. Section 347 of the Criminal Code of Practice reads as follows:

> "That a defendant against whom a judgment has been rendered in the circuit court in all penal actions and prosecutions for misdemeanors in which the judgment was for a fine for as much as fifty dollars, or for imprisonment exceeding thirty days shall have the right to have such judgment reviewed by the Court of Appeals; and the Commonwealth shall have the same right in all such cases in which a fine for as much as fifty dollars, or confinement exceeding thirty days might have been inflicted, both to be done in the manner provided in the next succeeding section."

Section 348 of the Criminal Code Practice provides, in substance, that, when either party desires to take an appeal from a judgment in a misdemeanor case, the party desiring an appeal shall file the record with this court and at the same time file a motion for an appeal from the judgment of the court below. It is seen that section 347 fixes the amount of the fine and time of imprisonment authorizing an appeal in misdemeanor cases and section 348 prescribes the manner in which such appeal may be effected. In the present case the fine assessed against appellant being less than $50 and the time of imprisonment for 30 days only, it is at once obvious that appellant cannot appeal from the judgment and this court is without jurisdiction to review the judgment of the lower court, even though appellant had proceeded as provided in section 348 of the Criminal Code of Practice. Hunter v. Commonwealth 238 Ky. 393, 38 S. W. (2d) 206.

And, furthermore, if the judgment assessed against appellant had been for such fine or imprisonment as might have been appealed from, the offense charged being a misdemeanor, the circuit court was without authority to grant an appeal as a matter of right, and appellant should have proceeded in the manner provided in section 348 of the Criminal Code of Practice by filing the record with the clerk of this court, together with a motion for an appeal. Elkin v. Commonwealth, 269 Ky. 6, 106 S. W. (2d) 83, and authorities therein cited.

For the reason stated the appeal must be, and is, dismissed.