# Reid v. Commonwealth.

Dec. 8, 1944.

J. B. Wall and L. C. Wall for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK—Reversing.

Don Reid has filed a motion for an appeal from a judgment finding him guilty of carrying, concealed, a deadly weapon and fixing his punishment at 40 days in jail and a fine of $100. Since we have reached the conclusion there was not sufficient evidence to warrant the submission of the case to the jury, we are sustaining the motion.

The record contains a brief statement of the evidence in narrative form. It is as follows:

"* * * The Commonwealth introduced as its first witness J. M. Johnson, a Deputy Sheriff, who testified that he was following an automobile which the defendant was driving when defendant got out of his automobile and went into Kidd's Restaurant on Main Street in the city of Cumberland, the witness then parked his car and entered the restaurant and found the defendant seated in front of the counter with his back to the door and also to the witness. The witness testified that he approached the defendant from his back and said to him, 'I have a warrant for you,' and reached over and round in front of the defendant and took a pistol from under his belt. The witness also stated that he was never in front of the defendant and was to his back at all times until after he had removed the pistol from defendant's belt in front; he said the pistol was concealed that is

he could not see it from where he was at defendant's back; he said that he had a warrant for the defendant but never showed it to or arrested him on it, but arrested him for having a concealed deadly weapon.

"The Commonwealth also introduced Clifford Kidd, who swore that he was in five or six feet of the defendant saw him come————the restaurant but did not see any pistol when he came in the restaurant. He said that he was in the dining room but did not say what particular place and that he was waiting on a customer.

"The Commonwealth also introduced Victoria Brock, who stated that she was there in the restaurant and saw the defendant come in and could see the front part of him and saw the pistol under his belt when he first came in the door, and that it remained in her sight at all times he was in there until after the Deputy Sheriff, J. M. Johnson, took it from defendant, and it was not concealed at any time while he was in the restaurant.

"Then the defendant, Don Reid was introduced as a witness in his own behalf and he testified that he had the pistol lying on the seat by his side in the car from the time he left home in Letcher County until he got to Cumberland in Harlan County, and when he got out of the car and got ready to go into Kidd's Restaurant he stuck the pistol under his belt in front and that at least four inches of it was sticking out and in plain view at all times to persons in front of him, and that anyone could have seen it unless it was someone at his back; he testified that the barrel and handle, that is the whole pistol was approximately twelve inches long, and that he did not have on any vest but had on a shirt with a jacket over it. He testified that he told the Deputy Sheriff that he had been appointed a special Deputy Sheriff by the Sheriff of Letcher County, and was there in Cumberland looking for two people Delph Parks and Clyde Corder, and he had warrants for each of them in his pocket and showed them to the Court upon his trial and offered to file them but the Court said that it was not necessary or proper."

The offense with which Reid was charged is in violation of KRS 435.230 (KS 1309). In the case of Williams v. Commonwealth, 37 S. W. 680, 18 Ky. Law Rep. 663, it was held that the defendant, who had a pistol stuck in

his belt, as did Reid, was not guilty of violating the statute. The accusing witness in that case was behind the defendant and he did not see the pistol until the latter turned around. The opinion sets out this fact did not show or tend to show that the pistol was concealed or secreted.

The evidence of the deputy sheriff who arrested Reid shows that he did not and could not have seen Reid's pistol as he approached from the rear. He merely said he "reached over and around in front of the defendant and took a pistol from under his belt." Victoria Brock's evidence fully corroborates that of Reid as to the manner in which he was carrying the pistol. Kidd's testimony was merely negative in nature, since he said he did not see the pistol when Reid came into the restaurant and that he was waiting on a customer at the time. Under the circumstances we do not think the testimony constituted even a scintilla of evidence tending to show Reid's guilt. As pointed out in the case of Carpenter v. Commonwealth, 287 Ky. 819, 155 S. W. 2d 240, there must be more than a scintilla of evidence to warrant the submission of a criminal case to the jury.

If there be another trial of the case, and the evidence is the same, a peremptory instruction should be given in favor of Reid.

Judgment reversed.