## Pennington v. Commonwealth.

November 28, 1950.

Watt M. Prichard, Judge.

P. H. Vincent for appellant.

A. E. Funk, Attorney General, Wm. F. Simpson, Assistant Attorney General, for appellee.

178

CHIEF JUSTICE SIMS—Dismissing motion for appeal.

James Pennington was convicted in police court of the City of Ashland on Feb. 27, 1950, of the offense of having in his possession intoxicating liquor in local option territory for the purpose of sale, and his punishment was fixed at a fine of $100 and 30 days in jail. He appealed to the Boyd Circuit Court and at the April Term thereof his case was continued until the June Term, 1950.

On the first day of the June Term he was tried in his absence and was given a fine of $20 and 30 days in jail. Within an hour or two after the trial, Pennington filed motion for a new trial stating that he was not in court that morning when his case was called because he was not advised of, and did not know, the date of his trial; that he was not guilty and if given an opportunity to present his defense, would prove he was innocent of the charge. The court denied him a new trial and he has filed his record here with a motion asking that he be granted an appeal.

Under sec. 347 of the Criminal Code of Practice this court has jurisdiction to review a misdemeanor conviction only where the judgment rendered in the circuit court "was for a fine for as much as $50, or for imprisonment exceeding 30 days." Here the fine was only $20 and the imprisonment was for the exact period of 30 days, therefore we are without jurisdiction to review the trial had in the circuit court. Hunter v. Commonwealth, 238 Ky. 393, 38 S. W. 2d 206; Oaks v. Commonwealth, 298 Ky. 225, 182 S. W. 2d 657. Although this question was not raised in either brief, we are compelled to take cognizance of it since it is one of jurisdiction and may not be waived.

The motion for appeal is dismissed because this court is without jurisdiction to consider it.