**Randall PRINCE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1955.

Rehearing Denied April 29, 1955.

R. B. Bertram, Monticello, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

HOGG, Justice.

Appellant, Randall Prince, was convicted in the Wayne Circuit Court of carrying concealed a deadly weapon upon his person, a crime denounced by Section 435.230, KRS, and his punishment was fixed at two years' confinement in the penitentiary. The motion for a new trial was overruled. He appeals, urging (1) that he was entitled to a directed verdict of not guilty, and (2) the verdict was contrary to both the law and the evidence.

The vital question in this case is whether the evidence was sufficient to authorize its submission to the jury.

The Commonwealth introduced but one witness who knew anything about the case. He was the Chief of Police of the City of Monticello. His testimony shows that he was present in the City of Monticello, standing directly in front of appellant, when the sheriff of Wayne County arrested him for being drunk in a public place, and after the arrest searched his person and took out of his right-front trousers pocket a loaded automatic pistol. He further testified that no part of the pistol was visible to him before the search. On cross-examination, when asked if any part of the pistol could have been seen by a person occupying a different position from what he occupied, he answered "It might have been seen by someone in a different position, maybe."

The appellant admitted in his testimony that he had the pistol in his right-front pocket but stated that the handle of it protruded from his pocket. In his words, "the handle was sticking out of my pocket." During the course of his cross-examination he testified that he was then wearing the same trousers he wore on the day the loaded pistol was taken from him. He was asked to, and he did, pull his right pocket out and exhibited it on the trial. He was then asked to pull his left pocket out, and he did, and it was seen during the trial. When asked if he had not cut the length of the pockets so as to make them shorter, he denied doing so. The record shows that these pockets had different lines of thread running through the same seam in each pocket, and it was also developed that the seams had been sewed with two different colors of thread, one blue and one white. The jury examined the inside of the pockets and the seams for themselves.

Kenneth Turner testified that he was present when the arrest was made and at the time he could see the handle of the pistol protruding from appellant's right-front pocket. Said this witness, "The handle was red looking."

Another witness, Oscar Turner, testified that he was present at the time of the arrest and seizure and at the time the pistol was taken from appellant he could see the handle of it sticking out of his pocket. He said the handle of the pistol was "black looking."

The sweetheart of appellant testified that she brought the pistol to Monticello for the purpose of having it repaired, and that she left it with the appellant to keep for her while she went to the grocery store.

The appellant contends that he was entitled to a directed verdict because the evidence was not sufficient to show that the pistol was concealed at the time it was taken. He insists that the case of Reid v. Commonwealth, 298 Ky. 800, 184 S.W.2d 101, and other cases cited in that opinion, are of controlling applicability in this case and made a directed verdict inescapable. We do not agree. In the Reid case the defendant had a pistol under his belt, which could be seen by anyone observing defendant from the front under any condition, but could not be seen by anyone approaching from the rear. Reid sat at a lunch counter and the arresting officer approached from the rear and reached around Reid, while standing to his rear, and took the pistol which was plainly visible to all who were in front of him.

In this case, while it is true that the testimony of the witness for the Commonwealth on direct examination was somewhat weakened by his quoted testimony given on cross-examination, we think the fair import of his testimony is that the pistol was concealed at the time. Further, the jury saw the condition of appellant's pockets on the trial and would have been justified in believing that these pockets had been "doctored" by the appellant or someone else to meet the situation.

We reach the conclusion from the testimony of the Chief of Police that he was watching and observing the appellant at the time the arrest was made. In 56 Am.Jur., Weapons and Firearms, Section 10, it is said: " * * * a weapon is generally held to be concealed when so placed that it cannot be readily seen under ordinary observation."

It seems to us that ordinary observation in such a case as this means the weapon must be open to ordinary observation to those who may come in contact in the usual and ordinary associations with one carrying the weapon. We believe that this was a case for the jury. Franklin v. Commonwealth, 195 Ky. 737, 244 S.W. 299.

We find no merit in the contention of the appellant that the evidence failed to show that the pistol was capable of being fired. The appellant failed to show by any testimony that the pistol could not be fired. In fact, the evidence clearly shows that the pistol was a deadly weapon, and even though a small piece might have been missing from the pistol, there is nothing to show such missing piece prevented it from being fired. Couch v. Commonwealth, Ky., 255 S.W.2d 478.

The judgment is affirmed.