**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of O.R., Juvenile–Appellant.**

**No. 08CA1219.**

Colorado Court of Appeals, Div. V.

Dec. 24, 2008.

Rehearing Denied Jan. 29, 2009.

John W. Suthers, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

Law Office of Jami L. Vigil, L.L.C., Jami L. Vigil, Westminster, Colorado; Law Office of Tracy A. Drager, Tracy A. Drager, Albuquerque, New Mexico, for Appellant.

Opinion by Judge GABRIEL.

O.R., a juvenile, appeals the juvenile court's judgment of delinquency entered on its finding that O.R. committed acts that, if committed by an adult, would constitute the offense of carrying a concealed weapon. Specifically, O.R. argues that the court erred in concluding that a firearm that was partially concealed but readily discernible as a firearm was "concealed" for purposes of section 18–12–105(1)(b), C.R.S.2008. In this case of first impression in Colorado, we agree with O.R. and therefore reverse and remand for dismissal of the delinquency petition.

## I. Facts

When viewed as a whole and in the light most favorable to the prosecution, the evidence establishes the following facts:

A police officer, responding to a report of a man with a gun possibly trying to sell it on the streets, located O.R., who fit the description of the suspect, and chased him on foot. The officer could see "[a] silver object which appeared to be a handgun in [O.R.'s] left rear pocket." The officer testified that O.R. was holding the gun down with his hand on the outside of his rear pocket. The officer, however, could see the "end of a pistol" and never lost sight of it until the O.R. threw the

gun away. Immediately after O.R. discarded the gun, the officer arrested him.

After hearing evidence at trial, the juvenile court found that the arresting officer saw a silver object sticking out of O.R.'s left rear pocket that the officer recognized to be the end of a pistol. The court determined, however, that to be "concealed" for purposes of section 18–12–105(1)(b), a firearm need not be completely concealed. Rather, it was sufficient if the firearm was partially obstructed. Accordingly, the court concluded that the firearm was concealed for purposes of the statute.

## II. Analysis

■ We begin our review of the juvenile court's finding by acknowledging that "[t]he question of whether a weapon is concealed is a question of fact." *People v. Vincent*, 628 P.2d 107, 110 (Colo.1981). The threshold question of whether a partially concealed but readily discernible firearm can constitute a "concealed" weapon for purposes of section 18–12–105(1)(b), however, is an issue of statutory interpretation, which we review de novo. *See Mayo v. People*, 181 P.3d 1207, 1210 (Colo.App.2008).

■ As relevant here, a person commits the crime of carrying a concealed weapon if he "[c]arries a firearm concealed on or about his ... person." § 18–12–105(1)(b). Our task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine that intent, we look first to the plain and ordinary meaning of the statutory language. *See People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986). When the language is clear and unambiguous, the statute must be construed as written without resort to interpretive rules and statutory construction. *People v. Zapotocky*, 869 P.2d 1234, 1238 (Colo.1994). Moreover, "[i]n construing a statute, courts must seek to avoid an interpretation that leads to an absurd result." *People v. Graybeal*, 155 P.3d 614, 616 (Colo.App.2007).

■ Appellate courts "frequently look[ ] to the dictionary to ascertain the meaning of undefined words in a statute." *People v. Thoro Prods. Co.*, 70 P.3d 1188, 1194 (Colo. 2003). Indeed, another division of this court consulted a dictionary when interpreting the term "conceal" in a different context:

> *Webster's Third New International Dictionary* 469 (1986) defines "conceal" as "(1) to prevent disclosure or recognition of: avoid revelation of: refrain from revealing: withhold knowledge of: draw attention from: treat so as to be unnoticed ... (2) to place out of sight: withdraw from being observed: shield from vision or notice."

*McGee v. Hardina*, 140 P.3d 165, 168 (Colo. App.2005) (construing term as used in section 13–80–118, C.R.S.2008, which tolls statutes of limitations when a person subject to suit is absent from the state or conceals himself or herself).

Such a definition is consistent with the prosecution's assertion here that, generally, the test of concealment is "whether a weapon is so carried as not to be discernible by ordinary observation." *State v. McNary*, 100 Idaho 244, 596 P.2d 417, 420 (1979); *see also Dorelus v. State*, 747 So.2d 368, 371–72 (Fla. 1999) (although question of concealment is ordinarily an issue for the trier of fact, statement by an observing police officer that he or she was able to "immediately recognize" the questioned object as a weapon may conclusively demonstrate, as a matter of law, that the weapon was not concealed because it was not hidden from ordinary observation); *Ensor v. State*, 403 So.2d 349, 354 (Fla.1981) (although absolute invisibility is not a necessary element to a finding of concealment, the firearm must be hidden from the casual and ordinary observation of another; "[t]he critical question turns on whether an individual, standing near a person with a firearm ..., may by ordinary observation know the questioned object to be a firearm"); *Reid v. Commonwealth*, 298 Ky. 800, 184 S.W.2d 101, 102 (1944) (defendant who had a pistol stuck in his belt did not violate concealed weapon statute, even though accusing witness was behind defendant and did not see the pistol until defendant turned around); *State v. Reams*, 121 N.C. 556, 27 S.E. 1004, 1006 (1897) (in overturning conviction where jury was instructed that if any part of pistol was concealed it is an indictable offense, court stated, "If the weapon is partly exposed to public view, it would be difficult and unrea-

sonable to say, as a legal conclusion, that it was concealed."); *cf.* Miss.Code. Ann. § 97–37–1(1) (2008) (unlike Colorado's statute, prohibits carrying certain weapons when concealed "in whole or in part"); *State v. Turner*, 221 Or.App. 621, 191 P.3d 697, 701 (2008) (person violates Oregon's concealed weapon statute by carrying a weapon that "is either not readily identifiable as a weapon or by attempting to obscure the fact that he is carrying a weapon on his person").

■ Applying the plain and ordinary meaning of the statutory language here, we conclude that "concealed" for purposes of section 18–12–105(1)(b) means placed out of sight so as not to be discernible or apparent by ordinary observation. To hold that a firearm that is discernible or apparent by ordinary observation is "concealed" would lead to absurd results. For example, defining "concealed" so broadly as to subsume a partially concealed but readily observable and identifiable weapon would render it unlawful to carry a holstered handgun—no matter how brazenly displayed—if any part of the gun was concealed by the holster. Clearly, that was not the General Assembly's intent.

■ In this case, the juvenile court did not find that the gun was placed out of sight so as not to be discernible by ordinary observation. Moreover, to the extent that the court's findings could be read to suggest that the gun was completely concealed, neither the evidence at trial nor the reasonable inferences therefrom support such a determination. To the contrary, the officer who chased O.R. testified without contradiction that (1) he saw a silver object that appeared to be a handgun in O.R.'s left rear pocket, (2) O.R.'s hand was on the pocket and not above, where the gun was sticking out, (3) he could see the end of the pistol, and (4) he never lost sight of it until O.R. threw the gun away.

■ For these reasons, we conclude that the juvenile court erred in determining that a partially concealed but readily discernible firearm is "concealed" for purposes of section 18–12–105(1)(b). We further conclude that the evidence was insufficient to prove beyond a reasonable doubt that O.R. carried, or even attempted to carry, a concealed firearm on or about his person. *See People in Interest of*

*J.P.L.*, 49 P.3d 1209, 1210 (Colo.App.2002) (when reviewing sufficiency of the evidence supporting an adjudication of juvenile delinquency, reviewing court determines whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the juvenile is guilty of the crimes charged beyond a reasonable doubt).

Because O.R. is not subject to retrial, we need not address his remaining claims. *See People in Interest of T.M.*, 742 P.2d 905, 908 (Colo.1987) (double jeopardy protections apply to juvenile adjudicatory proceedings); *People v. Stanley*, 56 P.3d 1241, 1245–46 (Colo.App.2002) (appellate court's determination that trial evidence was insufficient bars retrial).

The judgment is reversed, and the case is remanded with directions to dismiss the delinquency petition.

Judge VOGT and Judge RUSSEL concur.