## Gilbert v. Commonwealth.

(Decided June 23, 1936.)

ROY HOLMAN and W. A. BERRY for appellant.

R. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Dismissing Appeal.

By verdict and judgment of the McCracken circuit court, M. E. Gilbert has been convicted of the offense of obstructing justice, and his punishment fixed at a fine of $75. He is asking for a review by way of appeal attempted to be granted by the lower court, and without complying with section 348 of the Criminal Code of Practice, which prescribes the mode of procedure in cases of this character. That section in so far as pertinent provides in substance that in misdemeanor cases of which this court has jurisdiction as provided in previous sections, either party desiring a

review of the judgment shall file the record of proceedings in the lower court with the clerk of this court within 60 days after motion for new trial has been acted upon, or within 60 days after bill of exceptions is approved and made part of the record; and at the same time shall file a motion for an appeal from the judgment. The practice under section 348, supra, is the same as that prescribed in civil cases under section 950-3, Kentucky Statutes, where the amount in controversy, exclusive of interest and cost, is as much as $200 and less than $500.

In Childers et al. v. Ratliff et al., 164 Ky. 123, 175 S. W. 25, which has been consistently followed, it was held that under that section of the statute the circuit court was without jurisdiction to grant an appeal from a judgment for $203 and the attempt to do so was a nullity, and there was no appeal. That case has equal application here, and, since the lower court's attempt to grant the appeal was a nullity and there has been no compliance with section 348 of the Criminal Code of Practice, this court is without jurisdiction; therefore the appeal must be, and is, dismissed.