## Curry v. Commonwealth.

May 23, 1941.

Harvey H. Smith for appellant.

Hubert Meredith, Attorney General, and Harry D. France, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

Appellant was convicted in the Jefferson circuit court on appeal from a like conviction in the Jefferson Quarterly Court on an accusation wherein he was charged with violating some provision of our Alcoholic Control Act, Ky. St. sec. 2554b-1 et seq. In the Quarterly Court he was fined $200 with forfeiting orders provided by the statute, but on his trial in the Circuit Court on appeal from the Quarterly Court his fine was reduced to $100. Clearly the offense charged was and is a misdemeanor. On motion made in the Circuit Court appellant was granted an appeal to this one, but no motion has been made in this Court for the granting of the appeal, as is prescribed by section 348 of our Criminal Code of Practice. In the cases of Gilbert v. Commonwealth, 265 Ky. 154, 95 S. W. (2d) 1118; Adams v. Commonwealth, 285 Ky. 803, 149 S. W. (2d) 727, and Elkin v. Commonwealth, 269 Ky. 6, 106 S. W. (2d) 83, and others of like tenor, we held that the circuit court had no right to grant an appeal in convictions for misdemeanor, but that a review of the trial resulting in the conviction might be had in this court through an appeal granted by it pursuant to the section of the Code supra. Under those opinions this appeal has not

been properly prosecuted, and the motion of the commonwealth to dismiss it should be and it is sustained.

An additional reason for sustaining the motion to dismiss is that the record as filed in this court is not certified by the clerk of the Jefferson Circuit Court, and because of which appellant has entered motion for a rule requiring the clerk of the Jefferson circuit court to certify to the typewritten material filed by him in this court, and which he claims to be the entire record of the trial court's proceedings. However, the record as so filed was not made out by the clerk of the Jefferson circuit court but appears to be copies of the record as made by appellant, or someone whom he procured to do the mechanical work. In the circumstances the clerk should not be required to certify to the correctness of the copies of what purportedly transpired in the circuit court as made or caused to be made by the appellant himself. Hence, the motion for the rule is denied. If, however, the record had been made by the clerk of the trial court and he had omitted to certify to it—thereby presenting a clear case for the issuance of the rule to require him to certify to it—then the appeal would nevertheless have to be dismissed because not perfected according to the provisions of the Criminal Code to which we have referred.

Wherefore, appellant's motion for the rule against the clerk of the Jefferson Circuit Court to certify the bundle of papers that have been filed in this Court which appellant and his attorney claim to be the record is overruled; but the motion of the commonwealth to dismiss the appeal (or what counsel for appellant claims to be an appeal) is sustained and the appeal is dismissed.