## Wells v. Commonwealth.

Nov. 25, 1941.

430

Joe Lancaster for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Dismissing appeal.

It appears from the record that Tobitha Wells, a person of color, who owned and occupied a certain piece of property in Murray, Ky., was indicted at the November term, 1940, of the Calloway circuit court, wherein she was charged with the offense of maintaining a common nuisance. Upon her trial on the charge at the April, 1941, term of court, she was convicted, fined in the sum of $100 and directed and enjoined to abate the nuisance.

On July 30, 1941, the county attorney had notice served on the defendant to the effect that he would on August 4, 1941, enter a motion to abate the nuisance complained of and to padlock the home of the defendant, stating therein, as the basis of the motion, that the orders of the court made at its April term, 1941, enjoining and directing the defendant to abate the nuisance, had been violated and disobeyed by her.

Upon this motion the parties joined issue, when same was tried before the court without the intervention of a jury and resulted in the court's ordering the nuisance abated and the home of the defendant padlocked by the sheriff until further orders of the court.

The case having been officially reported, the defendant excepted to this judgment and prayed an appeal, contending that the evidence heard was insufficient to warrant the court's judgment, finding her guilty of contempt and enforcing its prior order directing abatement of the nuisance.

Appellant is here asking for a review, by way of an appeal attempted to be granted by the lower court and without complying with the provisions of Section 348, Criminal Code of Practice (as amended by the act of March 27, 1926, c. 34), which prescribes the exclusive mode of procedure to be followed for obtaining an appeal in cases of this character.

That section as amended, insofar as pertinent hereto, provides, as held in the case of Gilbert v. Commonwealth, 265 Ky. 154, 95 S. W. (2d) 1118, that:

"In misdemeanor cases of which this court has jurisdiction as provided in previous sections, either party desiring a review of the judgment shall file the record of proceedings in the lower court with the clerk of this court within 60 days after motion for new trial has been acted upon, or within 60 days after bill of exceptions is approved and made part of the record; and *at the same time* shall file a motion for an appeal from the judgment. The practice under Section 348, supra, is the same as that prescribed in civil cases under Section 950-3, Kentucky Statutes, where the amount in controversy, exclusive of interest and cost, is as much as $200 and less than $500." (Italics ours.)

It thus appearing that the appellant is here, as was Gilbert in the case cited, asking for a review by way of appeal attempted to be granted by the lower court, without complying with Section 348, Criminal Code of Practice, prescribing that the mode of procedure in cases of this character mandatorily requires the appellant to file with the clerk of this court a motion for an appeal from the judgment, it follows that the lower court's attempt to grant the appeal was a nullity, with the result that, no appeal having been here moved for and granted, no appeal is pending, and there being none, the appellant's attempted prosecution of an appeal must be, and it is, dismissed.