## Shoupe et al. v. Commonwealth.

January 28, 1949.

Cleon K. Calvert and L. C. Wall for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart. Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sims—Dismissing appeal.

Appellants, O. V. Shoupe and W. H. Edmunds, were tried in the Harlan Police Court on warrants charging them with handling reptiles in a religious service. Each was convicted and given a fine of $100. On an appeal to the Harlan Circuit Court the two cases were tried together by agreement, or at least without objection, the record not being clear on this point, and each appellant was convicted and given a fine of $50.

The motion and grounds for a new trial was overruled on February 6, 1948, and appellants were given

until the twelfth day of the next March term of the Harlan Circuit Court to file their bill of exceptions. On the twelfth day of the March 1948 term their bill of exceptions was approved and signed by the .circuit judge and on that day, which was March 27, 1948, their bill was made a part of the record. But neither the record nor their motion for an appeal was filed here until August 31, 1948, and the Commonwealth has moved to dismiss the appeal because it and the record were not filed in this court within the sixty days provided by sec. 348 of the Criminal Code of Practice governing appeals in misdemeanor cases.

So much of that section as is here pertinent reads:

"Sec. 348. Time and manner of appealing by defendant and Commonwealth. That such right shall be prosecuted by either party in the following manner, to-wit: The party desiring a review of any such judgment shall cause to be prepared by the clerk of the circuit court a record of the proceedings in that court and file same with the clerk of the Court of Appeals *within sixty days after the motion for a new trial in the circuit court has been acted upon, or within sixty days after the bill of exceptions is approved and filed as a part of the record,* and shall at the same time file a motion for an appeal from the judgment. The defendant if he appeals may at any time during said sixty days supersede the judgment by executing bond before the clerk of the circuit court. If the Commonwealth appeals the transcript shall be filed with the clerk of the Court of Appeals within sixty days from the time the judgment becomes final, or within the same time after filing the bill of exceptions as a part of the record." (Our italics.)

We interpret the italicized portion of sec. 348 as just quoted to mean that if the time for filing the bill of exceptions is not extended beyond the term at which the trial is had, then the record and motion for an appeal must be filed in the clerk's office of the Court of Appeals within sixty days after the motion for a new trial has been overruled. But if the time be extended beyond the term for the filing of a bill of exceptions, then the sixty days do not begin to run until the bill of exceptions is made a part of the record. Any other construction of Sec. 348 would not be practical and would tend to

deprive a defendant of his right to move this court for an appeal, because the sixty days would oftentimes expire before his bill of exceptions could be made a part of the record.

In the instant case the record and motion for an appeal were filed in this court on August 21, 1948, which was greatly in excess of sixty days from the date the bill of exceptions was made a part of the record on March 27, 1948, therefore, appellants' motion for an appeal must be dismissed. We have consistently held that Sec. 348 of the Criminal Code is mandatory and we do not acquire jurisdiction unless the procedure therein is followed. Gilbert v. Commonwealth, 265 Ky. 154, 95 S. W. 2d 1118; Pickett v. Commonwealth, 293 Ky. 842, 170 S. W. 2d 876.

The appeal is dismissed.