**WARD v. COMMONWEALTH.**

Court of Appeals of Kentucky.

May 1, 1951.

Van Hoose & Vaughan, Paintsville, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

In the circuit court a motion for a new trial was overruled on October 4, 1950, and appellant was allowed until the last day of the next regular term of the Johnson Circuit Court to file a bill of exceptions. The bill of exceptions was approved and filed as a part of the record on the 10th day of February, 1951. The record of proceedings in the circuit court and a motion for appeal in this court were filed in the office of the clerk on April 12, 1951.

Section 348 of the Criminal Code of Practice provides in part: "The party desiring a review of any such judgment shall cause to be prepared by the clerk of the circuit court a record of the proceedings in that court and file same with the clerk of the Court of Appeals within sixty days after the motion for a new trial in the circuit court has been acted upon, or within sixty days after the bill of exceptions is approved and filed as a part of the record, and shall at the same time file a motion for an appeal from the judgment."

██ In the instant case the record and motion for appeal were not filed within the

time limits set out under Section 348 of the Criminal Code of Practice.

 In the case of Shoupe v. Commonwealth, 309 Ky. 245, 217 S.W.2d 309, 311, it was said: "We have consistently held that Sec. 348 of the Criminal Code [of Practice] is mandatory and we do not acquire jurisdiction unless the procedure therein is followed. Gilbert v. Commonwealth, 265 Ky. 154, 95 S.W.2d 1118; Pickett v. Commonwealth, 293 Ky. 842, 170 S.W.2d 876."

The motion for appeal is overruled.